UNITED STATES, Appellee,

v.

Raymond L. ENGLE, Sergeant, U.S.
Marine Corps, Appellant.

No. 30,660.

U. S. Court of Military Appeals.

April 9, 1976.

*Lieutenant Michael C. Barr,* JAGC,
USNR, was on the pleadings for Appellant,
Accused.

*Lieutenant Colonel P. N. Kress,* USMC,
and *First Lieutenant Ronald J. Waicu-
kauski,* USMCR, were on the pleadings for
Appellee, United States.

OPINION OF THE COURT

COOK, Judge:

A general court-martial convicted the ac-
cused of two lengthy periods of unauthor-
ized absence and four separate thefts of
Government money, and sentenced him to a
dishonorable discharge, confinement at

hard labor for 30 months, and accessory penalties. On this appeal, the accused contends that the staff judge advocate was disqualified from participating in the post-trial review of the record and making recommendations thereon to the convening authority, as provided by Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861.

As required by Article 34, UCMJ, 10 U.S.C. § 834, the staff judge advocate had submitted a pretrial advice to the convening authority. At trial, defense counsel moved for a new advice on the ground that the one in which the convening authority had referred the charges to trial contained a material misstatement of the evidence and omitted mention of other matters that could have "affected" the judgment of the convening authority. The motion was denied. After accused's trial and conviction, the same staff judge advocate who had prepared the pretrial advice submitted the post-trial review. In it, he represented that the initial advice "was not defective," and he maintained the accused had made "no showing of prejudice" sufficient to "warrant a new Article 34 advice letter."

Except for suspension of a part of the term of confinement, as had been recommended by the trial judge, the convening authority affirmed the findings of guilty and the sentence.[1] Before the Court of Military Review, the accused challenged the propriety of the staff judge advocate's conduct in reviewing the correctness of the pretrial advice, which was his own work product. Government counsel opposed the allegation of error on two grounds: (1) That the staff judge advocate was not, in fact, disqualified; and (2) assuming that he was disqualified, the accused had waived his right to object to the disqualification by his plea of guilty to the larceny charges and to one of the two unauthorized absences. See

United States v. Hamil, 15 U.S.C.M.A. 110, 35 C.M.R. 82 (1964); United States v. Cunningham, 30 C.M.R. 698 (NBR 1961). The court did not refer to the Government's contention of waiver; instead it determined the alleged error lacked merit and the defense motion for a new pretrial advice had been "correctly denied."

■ The failure of the Court of Military Review to consider the contention of waiver does not preclude the Government from relying upon the doctrine in this Court. However, as we construe the defense argument on the motion for a new pretrial advice, it is apparent that the doctrine is inapplicable. The inadequacies the defense perceived in the advice related not only to the question of accused's guilt, but also to whether the convening authority should refer the charges to trial before a general court-martial, with its extensive sentencing power, rather than to a special court-martial, with its limited sentencing power.[2] A plea of guilty may indicate a willingness to disregard an error in the proceedings that might otherwise have affected findings of guilty as to offenses covered by the plea, but it does not signify surrender of an objection to the validity of findings not predicated upon a plea of guilty or as to the sentence. See United States v. McBride, 6 U.S.C.M.A. 430, 20 C.M.R. 146 (1955). Consequently, the accused's plea of guilty did not foreclose review of all material aspects of the accused's assignment of error.

Article 6 of the Code, 10 U.S.C. § 806, propounds conditions that disqualify a staff judge advocate from acting at one or another of the stages of a court-martial proceeding. Subdivision (c) of the article reads as follows:

United States v. Goode, 23 U.S.C.M.A. 367, 370, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975). As a result, the purported disqualification of the staff judge advocate was first raised before the Court of Military Review.

---

1. The record contains no indication that the accused was furnished a copy of the review before the convening authority acted on it. The review was accomplished before promulgation of the rule requiring that a copy be served on the accused in advance of the action of the convening authority so that he can, if he wishes, challenge "any matter he deems erroneous, inadequate or misleading" in the review.

2. Cf. United States v. McBride, 6 U.S.C.M.A. 430, 20 C.M.R. 146 (1955).

No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case.

None of the statutory conditions are present here, but these conditions are not exclusive. Other conduct by a staff judge advocate may be so antithetical to the integrity of the military justice system as to disqualify him from participation. In *United States v. Crunk*, 4 U.S.C.M.A. 290, 293, 15 C.M.R. 290, 293 (1954), the Court observed that the Code provision on disqualification of a staff judge advocate was intended " 'to assure the accused a thoroughly fair and impartial review.' " On that basis, it determined that a staff judge advocate was disqualified to participate in the post-trial review because he had previously acted as the trial judge. *Id.* Pertinently, the Court said: [3]

The reviewing officer, as law officer [now military judge], was required to rule on many questions of law during the trial of the case and some of those involved questions of importance. There was an issue on the voluntariness of the confession which he had to determine as an interlocutory question; there were many rulings he was required to make on the admissibility of evidence; a motion for a finding of not guilty based on legal grounds was posed; and numerous instructions were given by him. Certainly, he was interested in having all of his rulings affirmed by the reviewing authorities. To permit him to examine and verify his own rulings is no different than permitting a judge to review his own decisions on appeal. That is some distance removed from a fair and impartial review.

In the usual case, preparation of the pretrial advice does not disqualify a staff judge advocate from participation in the post-trial review. The factual judgments required in the initial advice are different from those necessary for the post-trial review. For example, in the pretrial stage, the staff judge advocate's evaluation of accused's guilt is in terms of whether the charge "is warranted by evidence indicated in the report of investigation." [4] Article 34(a), UCMJ, 10 U.S.C. § 834(a); paragraph 35c, Manual for Courts-Martial, United States, 1969 (Rev). In the post-trial review, guilt must be measured by the standard of proof beyond a reasonable doubt on the basis of the evidence in the record of trial. *United States v. Marks*, 19 U.S.C.M.A. 389, 390, 41 C.M.R. 389, 390 (1970). Thus, both the source to which the staff judge advocate must look for evidence of guilt and the standard of proof he must utilize to assess guilt are different in the two stages of the court-martial proceeding. There is, therefore, no reasonable expectation that because the staff judge advocate has determined various issues against the accused in the pretrial stage of the proceedings, he will be unalterably resolved in his later review to adhere to his earlier findings and recommendations as an "accolade" for his earlier efforts. [5] *United States v. Choice*, 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975). This however, is not the usual case.

To review the accused's challenge of the correctness of the denial of his motion for a new pretrial advice, the staff judge

---

3. *United States v. Crunk*, 4 U.S.C.M.A. 290, 294, 15 C.M.R. 290, 294 (1954).

4. The quantum of evidence is not specified in the Uniform Code of Military Justice or in the Manual for Courts-Martial, United States, 1969 (Rev), but it is that degree of proof which would convince a reasonable, prudent person there is probable cause to believe a crime was committed and the accused committed it. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

5. *United States v. Coulter*, 3 U.S.C.M.A. 657, 660, 14 C.M.R. 75, 78 (1954); *United States v. McClenny*, 5 U.S.C.M.A. 507, 18 C.M.R. 131 (1955); *see also Laird v. Tatum*, 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972), in which Mr. Justice Rehnquist reviewed the effect of a previous expression of legal opinion upon the qualification of a judge to decide a matter involving the same question of law; *Loew's, Inc. v. Cole*, 185 F.2d 641, 646 (9th Cir. 1950), *cert. denied*, 340 U.S. 954, 71 S.Ct. 570, 95 L.Ed. 688 (1951).

advocate, necessarily, had to deal not just with his previous legal opinions, but with the factual sufficiency of his own earlier work.[6] "Human nature being what it is" we said in *United States v. Renton*,[7] "the very fact of being called upon to condemn or countenance one's own workmanship cannot create a healthy outcome and less so when the outcome concerns the accused's denial of substantial rights." We conclude, therefore, that the staff judge advocate should have recused himself from participating in the post-trial review and recommendations required by Article 61 of the Code.

The decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to another competent general court-martial authority for a new review and action.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.

6. *Laird v. Tatum, supra.*

7. 8 U.S.C.M.A. 697, 701, 25 C.M.R. 201, 205 (1958).