**UNITED STATES**

**v.**

**Kem W. VICKERY, 305 56 7581, Second Lieutenant (O–1), U. S. Marine Corps.**

**NCM 76 1620.**

U. S. Navy Court of Military Review.

Sentence Adjudged 10 Feb. 1976.

Decided 13 Dec. 1976.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel.

LT Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

Before NEWTON, CRANDELL, and GLADIS, JJ.

CRANDELL, Judge:

On 10 February 1976, appellant was tried before a general court-martial, judge alone presiding, at Camp Lejeune, North Carolina. In accordance with his pleas, appellant was convicted of two conspiracies to possess marijuana, Article 80, UCMJ, 10 U.S.C. § 880; deceitfully signing an official record,

Article 107, UCMJ, 10 U.S.C. § 907; using marijuana, selling marijuana, transferring marijuana, harvesting marijuana and urinating on a utility cover of an enlisted man, all charged as conduct unbecoming an officer under Article 133, UCMJ, 10 U.S.C. § 933; and wrongfully endeavoring to influence the prospective testimony of a government witness, Article 134, UCMJ, 10 U.S.C. § 934. Appellant was sentenced to be confined at hard labor for 3 years, to forfeit $750 pay per month for 36 months, and to be dismissed from the service. The general court-martial reviewing officer approved the sentence but suspended the execution of the entire period of confinement for 1 year with provision for automatic remission.

On 11 December 1975, Brigadier General M, U.S. Marine Corps, Commanding General, Force Troops, Camp Lejeune, North Carolina, issued a grant of immunity to Sergeant Gary L. Bailey, U.S. Marine Corps. The grant pertained to Bailey's expected testimony against appellant which would incriminate not only Bailey but also would directly implicate appellant in the alleged offenses. On 6 January 1976, Sergeant Bailey testified at appellant's Article 32 investigation and his testimony directly incriminated both appellant and himself. Sergeant Bailey provided the government with damaging evidence on at least the following specifications subsequently referred to trial: Charge III, Specifications 2 and 3; and Charge IV. On 3 February 1976, the same individual who conferred the grant of immunity upon Sergeant Bailey, Brigadier General M, personally referred the charges to trial. Appellant claims that the General, since he had previously granted Sergeant Bailey immunity from prosecution and since the Sergeant's Article 32 testimony had to be relied upon in order to support allegations against appellant, was, on 3 February 1976, an accuser, and was therefore statutorily disqualified from referring appellant's case to trial and that, as a result, appellant's court-martial lacked jurisdiction to try him.

On appeal to this Court, appellant assigns the following as error:

AT THE TIME OF REFERRAL, THE CONVENING AUTHORITY WAS AN ACCUSER SINCE HE HAD ISSUED A GRANT OF IMMUNITY TO A GOVERNMENT WITNESS PRIOR TO THAT WITNESS TESTIFYING AGAINST APPELLANT AT THE ARTICLE 32 INVESTIGATION.

■ An accuser is defined as a person who has other than an official interest in the prosecution of an accused. Article 1(9), UCMJ, 10 U.S.C. § 801(9). An accuser may not convene a general court-martial against the defendant concerned. Article 22(b), UCMJ, 10 U.S.C. § 822(b); Paragraph 5(a)(3), MCM, 1969 (Rev.). It has been held that the test to determine whether a convening authority is an accuser is whether the convening authority was so closely connected to the offense that a reasonable person would conclude that he had a personal interest in the matter. *Brookins v. Cullins,* 23 U.S.C.M.A. 216, 218, 49 C.M.R. 5, 7 (1974); *United States v. Gordon,* 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952), *and cases cited therein.*

■ We concur with appellant that a convening authority may not grant a government witness immunity and thereafter either review or act upon the case. *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 65, 48 C.M.R. 534, 536 (1974), *and cases cited therein.* The basis of such a disqualification is that human nature prevents an individual from impartially evaluating his own prior workmanship. *United States v. Renton,* 8 U.S.C.M.A. 697, 701, 25 C.M.R. 201, 205 (1958); *United States v. White,* 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958); *United States v. Engle,* 1 M.J. 387 (1976).

Appellant also asserts that it is well-settled that the act of granting immunity is an act of grave importance not to be lightly undertaken. We concur with this assertion. Appellant also claims that granting immunity constitutes a personal evaluation by the granting officer, vice the office of the individual. *See United States v. James,* 1

M.J. 487, 489 (A.F.C.M.R.1975), *citing United States v. White, supra.*

■ We agree with appellant that an accuser is disqualified from referring a case to trial. *United States v. Gordon, supra.* The reason for this rule is to prevent undesirable and unfair results which could well ensue if the official who levels the accusation against the accused is also permitted to refer the charge to a court of members that he selects and who might be selected on the basis of hostility towards an accused. *United States v. Gordon, supra.* We also agree that because he had granted a prosecution witness immunity, Brigadier General M was precluded from reviewing or acting on the case. *United States v. White, supra; United States v. Maxfield,* 20 U.S.C.M.A. 496, 43 C.M.R. 336 (1971); *United States v. Williams,* 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972); *United States v. Sierra-Albino, supra.* But we cannot agree that the fact that Brigadier General M granted a government witness immunity makes him an accuser so as to disqualify him from referring the case to trial.

The record is totally devoid of any substance which shows that the general court-martial convening authority had any personal feeling or interest in the outcome of the litigation. *Brookins v. Cullins, supra.* Rather, from all that appears of record, the convening authority granted immunity to a principal prosecution witness prior to or during investigative proceedings, in order to complete the investigation and to determine whether or not charges should be referred to trial. Without a grant of immunity from prosecution it is unlikely that the witness would have assisted in the investigation or that an informed decision to refer some of the charges to trial could have been made.

The convening authority must exercise an informed, unbiased discretion in determining whether to refer a case to trial. He may not refer a charge to a general court-martial for trial unless he has found that the charge is warranted by evidence indicated in the report of investigation. Further, a witness does not become incompetent merely because he has been granted immunity from prosecution. *Manual for Courts-Martial, United States, 1969* (Revised edition), pars. 32, 33, 35 and 148. *See also United States v. Engle, supra.* This record, rather than showing a biased convening authority with a personal interest in the outcome of the case, shows that the convening authority took a most reasonable course of action to assist investigators in obtaining requisite information, without any act occurring which would prejudice him against the appellant in the process, or which would unduly delay proceedings in this matter.

Although appellant's assignment of error initially exhibits a surface appeal, analysis shows it to be without merit. Appellant's contention when carried to its logical conclusion would provide that a grant of immunity to a witness before trial, after reference of the case to trial, would result in a need for a different convening authority to refer the case to trial a second time. This is so, because the convening authority may withdraw the charges at any time, MCM, 1969 (Rev.), par. 56, and therefore may become an accuser, under appellant's theory of appeal, at any time prior to trial. That thesis is not considered to be the law.

The findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge GLADIS concur.