UNITED STATES

v.

**Technical Sergeant Richard F. BAUER, FR 073–36–8983 509th Field Maintenance Squadron Eighth Air Force (SAC).**

ACM 22209.

U. S. Air Force Court of Military Review.

4 Aug. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, Senior Judge, and HERMAN and ORSER, JJ.

## DECISION

HERMAN, Judge:

Convicted, contrary to his pleas, of seven specifications of taking indecent liberties with females under the age of 16, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the accused was sentenced by a general court-martial consisting of members to a bad conduct discharge and reduction to airman basic. The convening authority approved the findings and sentence adjudged.

Of the several errors assigned by appellate defense counsel, and by the accused in his request for appellate counsel, we find all but one to be meritless. In the post-trial

review of the staff judge advocate, the author recommended disapproval of one of the specifications, for insufficiency of evidence. Although in his action the convening authority failed to heed this advice, that was clearly an oversight, since the action is premised upon a reduced maximum confinement of seven years, which assumes the disapproval. We shall remedy the omission in our decision below.

■ Appellate defense counsel also assert that the convening authority was disqualified from reviewing this record, since a question was raised during trial respecting the efficacy of the pretrial advice to him, but such motion was denied by the military judge. *United States v. Engle,* 1 M.J. 387 (1976). We find the basis for the motion requesting a new pretrial advice to be similar to that in *United States v. Collins,* 3 M.J. 518 (A.F.C.M.R.1977), in which this Court held that "the *Engle* rule cannot be extended to the instant case, where the motion was so obviously frivolous that its rebuttal required no legal arguments or fine judgments, but simply a recital of clearly established facts." *Id.* at 523.

In our examination of this record of trial, we note that approximately one and a half pages had to be reconstructed due to a temporary malfunction of the recording equipment. This portion of the 490-page record contains testimony by the accused's wife indicating that one of the girls had shown one or more of the wife's lewd magazines to the Bauers' young children, and two questions about who had hired the girl as baby sitter. The remainder of the reconstructed page is simply the reading into the record of a small portion of a previously accepted stipulation of testimony. The court reporter, trial counsel and assistant trial counsel have executed affidavits that the record accurately reflects the testimony and statements given at that time. The trial judge authenticated the record and individual defense counsel acknowledged that he had examined it.

The reconstructed portion of the record was sent to individual defense counsel prior to authentication for his examination. In his reply, counsel acknowledged that the reconstruction was "reasonably accurate," although he recalled another question and answer by Mrs. Bauer.

In *United States v. Sturdivant,* 1 M.J. 256 (1976), the United States Court of Military Appeals decided that a record of trial was not verbatim where sidebar conference of counsel relating to challenges went unrecorded. Reasoning that the matter of challenges is "substantial," and required verbatim transcription, the Court remanded the case to the Navy Court of Military Review for appropriate action. Recently, the Court of Military Appeals excised a bad conduct discharge from the sentence of another Navy court-martial where again the reconstructed matters dealt with the subject of challenges. *United States v. Averett,* 3 M.J. 201 (C.M.A.1977).

■ The instant case is readily distinguishable from both *Sturdivant* and *Averett.* The testimony of Mrs. Bauer dealt with matters which were tangential to the merits of this case, since the accused was acquitted of all offenses where the alleged victim was the baby sitter. Neither of the magazines involved in this testimony was the one which the accused was alleged to have shown to the other girls, in connection with offenses of which he was convicted, and the credibility of the baby sitter was not an issue in such offenses. Finally, the portion of the stipulation read into the record which was part of the reconstruction simply identifies the witness. The entire stipulation is included in the record as an appellate exhibit. Thus, the matters contained in the reconstruction of the record were insignificant, not substantial in the sense that challenges of court members bear to the rights of the accused, or to the heart of the merits of the case.[1] *United States v. Nelson,* 3 U.S.C.M.A. 482, 13

---

1. Appellate defense counsel evidently share our view, since they did not choose to assign this matter as error, although it is discussed comprehensively in the post-trial review of the staff judge advocate.

C.M.R. 38 (1953); *United States v. Jacobs,* 49 C.M.R. 808 (A.C.M.R.1975); *United States v. Holland,* 49 C.M.R. 275 (A.F.C.M. R.1974), pet. denied (3 January 1975), and cases cited therein. The record of trial is sufficiently complete in form and substance to constitute a verbatim record.

The military judge instructed the members of the court-martial that the maximum confinement which could be adjudged was 21 years. In his review, the staff judge advocate recommended that Specification 10 be disapproved, and further, that the six remaining offenses constituted but one for sentencing purposes since all occurred in a continuing sequence of events in the presence of both young girls. He accordingly opined that the correct maximum imposable confinement was seven years. Reassessing the sentence in the light of the lesser maximum confinement, he nevertheless found the sentence adjudged appropriate.

■ We have independently reassessed the sentence and fully concur with the reviewer's analysis and finding, particularly since the court-martial adjudged no confinement whatever. Obviously, the court members felt that confinement was not an appropriate punishment. Manifestly, therefore, the military judge's erroneous instruction as to the maximum imposable confinement exerted no influence on the sentence.

For the foregoing reasons, the finding of guilty of Specification 10 is set aside and ordered dismissed. The findings of guilty, as modified, and the sentence are

AFFIRMED.

BUEHLER, Senior Judge, and ORSER, Judge, concur.