UNITED STATES, Appellee,

v.

Private (E–1) Fredrick L. HILL, SSN 080–56–6090, United States Army, Appellant.

SPCM 13707.

U. S. Army Court of Military Review.

30 March 1979.

---

Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Maurice D. Healy, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

Appellant was convicted contrary to his pleas of two specifications of failure to repair, one specification of absence without leave (AWOL) and one specification of wrongful appropriation of a watch of some value in violation of Articles 86 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 921, respectively. His sentence by the court-martial members and that approved by the convening authority was a bad-conduct discharge. The case is before us for mandatory review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

Of the two errors assigned on appeal, we will discuss only the second which we find to be meritorious. Appellant urges that he was prejudiced by the admission of evidence of a previous conviction for AWOL during the presentencing portion of the trial. The supervisory review of that conviction as required by Article 65(c), UCMJ, 10 U.S.C. § 865(c), and paragraph 94a (2), Manual for Courts-Martial, United States, 1969 (Revised edition), was made by the judge advocate, Captain "H", who had been the trial counsel in that case.[1] Appellant argues that Captain "H" was incompetent to conduct the supervisory review as he was required to pass upon the totality of his own work product. *United States v. Engle*, 1 M.J. 387 (C.M.A.1976). Therefore, there

was no proper supervisory review, the prior conviction was not final, and it could not be properly admitted. We agree this was error.[2] There was no objection to the admission of the prior conviction by trial defense counsel either at trial or in the *Goode*[3] rebuttal to the staff judge advocate's review. Under the doctrine of *United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), we decline to invoke waiver by the trial defense counsel.

Appellant urges that a rehearing on the sentence is necessary, and the Government concedes that only sentence reassessment is necessary to cure the error noted. In the interest of fairness and judicial economy we will not order a rehearing, but we will meaningfully reassess the sentence.

We strongly urge all jurisdictions to review the procedure used to conduct the supervisory reviews of regular special and summary courts-martial. Judge advocates who have taken part in cases in some manner or who will be called upon in any way to review their own work product should not conduct the supervisory review. *See United States v. Engle, supra.*

The findings of guilty are affirmed. In view of the error noted and based upon the entire record, we reassess, and the sentence to a bad-conduct discharge is changed to confinement at hard labor for four months and forfeiture of $100.00 pay per month for four months. The sentence as changed is affirmed.

Chief Judge DE FIORI and Senior Judge CARNE concur.

---

1. Captain "H" was also the trial counsel in the instant prosecution.

2. The previous conviction appears regular on its face and it is signed by Captain "H" as reviewing judge advocate. The fact that he

was the trial counsel in that case was discovered and presented by appellate defense counsel.

3. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).