UNITED STATES, Appellee

v.

Ramon S. GUTIERREZ, Jr., Private First Class
U.S. Army, Appellant

No. 01-0802

Crim. App. No. 9900509

United States Court of Appeals for the Armed Forces

Argued March 20, 2002

Decided August 8, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, and BAKER, JJ., and SULLIVAN, S.J., joined.

Counsel

For Appellant:  Captain Mary Catherine Vergona (argued); Colonel Adele H. Odegard, Lieutenant Colonel E. Allen Chandler, Jr., Major Imogene M. Jamison, and Captain Sean S. Park (on brief).

For Appellee:  Captain Christopher Graveline (argued);  Colonel Steven T. Salata and Major Margaret B. Baines (on brief); Captain Paul T. Cygnarowicz.

Military Judge:  Donna L. Wilkins

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted of two specifications of stealing a vehicle, robbery, two specifications of conspiring to steal a vehicle, conspiring to commit robbery, and receiving stolen property, in violation of Articles 121, 122, 81, and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 921, 922, 881, and 934. The convening authority approved the sentence of a dishonorable discharge, five years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed in a short form opinion. We granted review of the following issues:

I. WHETHER APPELLANT IS ENTITLED TO A NEW REVIEW AND ACTION BECAUSE THE STAFF JUDGE ADVOCATE WHO PREPARED THE RECOMMENDATION AND ADDENDUM WAS DISQUALIFIED AFTER SHE TESTIFIED AS A WITNESS REGARDING A CONTESTED MATTER AND AFTER SHE SERVED AS A TRIAL COUNSEL IN APPELLANT'S COURT-MARTIAL.

II. WHETHER THE STAFF JUDGE ADVOCATE IMPROPERLY SUBMITTED NEW MATTERS TO THE CONVENING AUTHORITY IN THE ADDENDUM TO HER POST-TRIAL RECOMMENDATION.

As to Issue I, we hold that the Staff Judge Advocate (SJA) was disqualified. Given our resolution of Issue I, we need not reach Issue II.

## FACTS

Prior to his pleas, appellant made a motion to dismiss for lack of a speedy trial. Major (MAJ) Laurel Wilkerson, the Chief

of Military Justice at Fort Drum, testified as to the reasonable diligence in bringing appellant's case to trial. She testified that when she finally notified appellant's defense counsel, an arrangement was made for an investigation under Article 32, UCMJ, 10 USC § 832, "around the beginning of March." Defense counsel contradicted this testimony during argument on the motion, stating "with absolute metaphysical certainty that there wasn't [coordination] with this defense counsel" during the week, thereby disputing MAJ Wilkerson's testimony about coordination with defense counsel in the pending case.

MAJ Wilkerson's testimony also was contradicted by a stipulation of fact indicating that appellant's defense counsel was notified on February 18, 1999, that an Article 32 Investigating Officer had been appointed, and that the hearing was set for February 20, 1999. Defense counsel contended at trial that the purpose of the short-notice hearing was to force the defense to assume legal responsibility for the Government's processing delays in bringing the case to trial. The judge noted the contradiction in MAJ Wilkerson's testimony, but the motion to dismiss was denied and the trial proceeded with a guilty plea.

While testifying about her pretrial efforts to ensure appellant received a speedy trial, MAJ Wilkerson testified that "we" (presumably government counsel) had to direct the Criminal

Investigation Command's (CID) investigation of appellant's case. She testified that she and her trial counsel were "just running around with CID, making sure that we had the evidence we needed to get [this] case[] together."

At some point, MAJ Wilkerson became the SJA of Fort Drum because part of the unit was deploying to Bosnia. In that capacity, she prepared a post-trial recommendation for the convening authority recommending approval of appellant's court-martial results. In response to MAJ Wilkerson's recommendation, the defense contended she was disqualified from making a recommendation due to her testimony at appellant's court-martial. To this, MAJ Wilkerson responded in an addendum that her testimony was merely "administrative in nature and uncontroverted." As a result, the convening authority accepted her recommendation.

## DISCUSSION

If an SJA testifies as a witness at a court-martial concerning a contested matter, he or she may be disqualified from thereafter serving as the SJA for the convening authority in that case. RCM 1106(b) and Discussion, Manual for Courts-Martial, United States (2000 ed.).[*] At the time of MAJ Wilkerson's testimony, this Court had left open the question of

---

[*] This Manual provision is identical to the one in effect at the time of appellant's court-martial.

whether a guilty plea waives a speedy trial issue.  See, e.g., United States v. Birge, 52 MJ 209, 211 (1999)(citing earlier cases holding there could not be a waiver and later cases upholding a waiver).  We are not resolving the waiver issue here because it is not directly presented, but so long as that issue remains unresolved, testimony on a contested speedy trial issue involves testimony on an issue potentially subject to post-trial review.  Therefore, we hold that MAJ Wilkerson placed herself in a position where she would be called upon as SJA to evaluate her own testimony regarding the contested speedy trial issue, thereby disqualifying her from serving as the reviewing SJA. See United States v. Lynch, 39 MJ 223, 229 (CMA 1994) ("[W]here a legitimate factual controversy exists between the [SJA] and the defense counsel, the [SJA] must disqualify himself from participating in the post-trial recommendation.").

MAJ Wilkerson was disqualified because she assumed a prosecutorial role in appellant's case.  Having actively participated in the preparation of the case against appellant, MAJ Wilkerson was not in a position objectively to evaluate the fruits of her efforts.  In United States v. Willis, 22 USCMA 112, 114, 46 CMR 112, 114 (1973), this Court held that general advice to a trial counsel and investigator is not disqualifying. However, this Court cautioned:

> [A] staff legal officer may become so deeply and personally involved as to move from the role of advis[o]r to the role of participant. Once he [or she] acts in that capacity, he [or she] is disqualified from later performing any inconsistent function.

MAJ Wilkerson crossed the line from advisor to active participant when she actively participated in a prosecutorial capacity to orchestrate the timing of the Article 32 investigation to force the defense to assume responsibility for the delay.

The decision of the United States Army Court of Criminal Appeals and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to a convening authority for a new post-trial recommendation and action. Thereafter, Articles 66 and 67, UCMJ, 10 USC §§ 866 and 867, will apply.