UNITED STATES

v.

Christopher HILL, 435 19 4705, Constructionman Mechanic Third Class (E–4), U.S. Naval Reserve.

NMCM 90 3884.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 20 Sept. 1990.

Decided 22 April 1991.

Maj Richard T. McNeil, USMC, Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and FREYER and HOLDER, JJ.

PER CURIAM:

The appellant was charged, *inter alia*, with the following specification, as amended, under Uniform Code of Military Justice (UCMJ), Article 90, 10 U.S.C. § 890, and was found guilty thereof in accordance with his plea:

In that Constructionman [sic] Mechanic Third Class Christopher Hill, U.S. Naval Reserve, Recruit Training Command, Orlando, Florida, on active duty, having recieved [sic] a lawful command from Lieutenant James A. Chereskin, U.S. Naval Reserve, his superior commissioned officer, then known by the said Constructionman [sic] Third Class Christopher Hill, U.S. Naval Reserve, to his [sic] superior commissioned officer, *that consumption of alcohol is strictly prohibited while in a pre-trial restricted status,* or words to that effect, did, at Orlando, Florida, on or about 2000, 27 July 1990, willfully disobey the same by consuming alcohol.

(Emphasis supplied.)

Inasmuch as the order alleged purported to be the direct command of Lieutenant James A. Chereskin, U.S. Naval Reserve, Lieutenant Chereskin became an accuser. *United States v. Trahan,* 11 M.J. 566 (A.F. C.M.R.1981). The staff judge advocate's recommendation was authored by none other than the aforesaid Lieutenant James A. Chereskin. Although "accuser" is not expressly enumerated as a ground for disqualification of a staff judge advocate in either UCMJ, Article 6(c), 10 U.S.C. § 806(c), or Rule for Courts–Martial 1106(b), Manual for Courts–Martial, 1984, it has long been held that an accuser is disqualified from acting as staff judge advocate in the post-trial review of the same case, *United States v. Ross,* 16 C.M.R. 579 (A.F.B.R.1954). Whether or not the action

of the convening authority resulting from the participation of an accuser as staff judge advocate is completely void, *United States v. Shaffer,* 40 C.M.R. 794 (A.B.R. 1969), or merely erroneous, we need not here determine, because the same corrective action is deemed necessary in either situation.

The action of the convening authority is set aside, and the record of trial is returned to the Judge Advocate General for transmission to the convening authority for a new staff judge advocate's recommendation and action. The staff judge advocate who prepares the new recommendation should consider whether the alleged "order" of Lieutenant Chereskin was, in fact, a direct, personal order or merely an exhortation to the appellant to obey the terms of his restriction orders, *United States v. Peaches,* 25 M.J. 364 (C.M.A.1987), and whether or not an action approving, without suspension, the sentence to confinement for four months, including months containing 30 and 31 days, complies with the pretrial agreement term limiting approved unsuspended confinement to 120 days, *United States v. Loft,* No. 80 0572 (N.C.M.R. 30 May 1980).