UNITED STATES, Appellee,

v.

**Keith L. RICE, Aviation Boatswain's Mate (Aircraft Handling) Second Class U.S. Navy, Appellant.**

No. 66,229.
NMCM 88 3624.

U.S. Court of Military Appeals.

Argued Oct. 2, 1991.

Decided Dec. 9, 1991.

For Appellant: *Lieutenant Peter Van Hartesveldt, JAGC, USNR* (argued); *Lieutenant Thomas E. Miro, JAGC, USNR.*

For Appellee: *Lieutenant J.C. Foster, JAGC, USNR* (argued); *Commander Thomas W. Osborne, JAGC, USN* and *Lieutenant Kirk A. Ludwig, JAGC, USNR* (on brief).

*Opinion*

COX, Judge:

Appellant claims he was prejudiced when the legal officer who reviewed his case testified at his trial as a government witness in aggravation and when testimony as to appellant's potential for further military service was admitted. We agree as to the first claim, but we reject the second by an equally divided vote. *See United States v. Owens,* 23 USCMA 700, 50 CMR 906 (1975).

Consistent * with his pleas, appellant was convicted by special court-martial, at Orlando, Florida, of one specification of using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge and reduction to E-1. The convening authority's approval predated the legal officer's recommendation, so the Court of Military Review set aside the original action and ordered a new one to be issued after consideration of the legal officer's recommendation. Order dated Febru-

---

* SCMO No. 07–88 dated August 18, 1988, erroneously reflects the pleas. A new court-martial order should be issued which includes the action dated December 18, 1989.

ary 23, 1989. The convening authority again approved the sentence, and the Court of Military Review affirmed the findings and the sentence in a short-form decision dated October 31, 1990. This Court specified review of two issues, the first of which states:

WHETHER THE COMMAND LEGAL OFFICER WAS DISQUALIFIED FROM REVIEWING THIS CASE AND PROVIDING THE CONVENING AUTHORITY WITH THE RCM 1106 RECOMMENDATION BECAUSE HE TESTIFIED AT TRIAL AND ADMISSIBILITY OF THAT TESTIMONY WAS CHALLENGED BY DEFENSE COUNSEL.

Chief Warrant Officer Richard Marks was the legal and administrative officer of the First Lieutenant's Division at the Navy Recruiting Orientation Unit, where appellant was assigned temporarily. CWO4 Marks testified during the Government's case in aggravation and later authored the post-trial recommendation to the convening authority, which was adverse to appellant.

RCM 1106(b), Manual for Courts-Martial, United States, 1984, provides:

No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, associate or assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing or convening authority in the same case.

See Art. 6(c), UCMJ, 10 USC § 806(c). "The ... legal officer may also be ineligible when" he has "testified as to a contested matter." RCM 1106(b), Discussion. The Government concedes that CWO4 Marks was precluded from preparing the legal officer's recommendation, but argues that appellant waived the issue by not objecting and that any error was harmless.

Defense counsel acknowledged receipt of the recommendation, but submitted no comments. RCM 1106(f)(6) provides:

Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error.

■ See Art. 60(d), UCMJ, 10 USC § 860(d) (1986). Plain error requires that the error be obvious and substantial, and that it have an unfair prejudicial impact. *United States v. Fisher,* 21 MJ 327, 328 (CMA 1986), *citing United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). "To determine whether plain error ... occurred," the error "must be evaluated against the entire record." 21 MJ at 329.

CWO4 Marks testified as follows:

Q. How long have you known Petty Officer Rice?

A. Since I got there in December.

Q. How do you know him?

A. He's been working in the 1st Lieutenant division of my department, and I observe him closely on a daily basis.

Q. How well do you know him? How often do you observe him daily?

A. Well, it's—I observed him daily with the different jobs that he was assigned and also with the personal dealings I had with Petty Officer Rice towards the end before he actually left the building, it came to the point where I went to the commanding officer and demanded that he leave—he be ordered to leave the building. It came to the point where he was harassing me, sticking his head in the door and—

\*    \*    \*    \*    \*    \*

Q. And in any given week, how many days would you say you have personal contact with Petty Officer Rice?

A. Every day of the week.

Q. Every day of the week, and every day of the week would you observe the way he worked?

A. I wouldn't say he worked very much. Every time you turned around, the senior chief—

* * *

Q. And as a result of your contacts with Petty Officer Rice, have you been able to form an opinion as to his potential for future military service?

A. Yes, I have.

Q. And what is the opinion you have formed?

A. I feel he has no potential whatsoever in the Navy, not with the attitude that he has come about with—come about, ever since this happened, ever since I've observed him.

■ It appears from his testimony that CWO4 Marks had strong personal feelings or biases about appellant. As a government witness in aggravation, it is likely that he was unable, when acting as legal officer, to weigh objectively the evidence in appellant's case. The general principle underlying RCM 1106(b) on disqualification is that the legal officer or staff judge advocate providing a recommendation to the convening authority must be neutral. The recommendation of a biased legal officer could unfairly prejudice the convening authority's decision. Thus plain error exists, and we are satisfied such error was prejudicial.

The second issue we specified is:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ALLOWING TWO GOVERNMENT WITNESSES TO TESTIFY THAT APPELLANT HAD NO POTENTIAL FOR FURTHER SERVICE.

Witnesses should not be allowed to express an opinion whether an accused should be punitively discharged. *United States v. Ohrt*, 28 MJ 301, 305 (CMA 1989). CWO4 Marks and Petty Officer Gattis testified that, in their opinions, appellant had no potential for further service. This was error, as the Government concedes. However, both witnesses indicated substantial bases to formulate opinions about appellant's rehabilitative potential. Both based their opinions on appellant's poor duty performance and his attitude toward the Naval service. Neither opinion was based on an assessment of the severity of appellant's offenses. *See United States v. Horner*, 22 MJ 294 (CMA 1986).

■ These opinions could readily have been couched in terms compatible with RCM 1001(b)(5) had the questions been properly put by trial counsel. The *Ohrt* violations lay only in the subtle shift from general rehabilitation to preference for separation (a matter wide open in rebuttal, but not, under the rule, preemptively). Under the circumstances of this case, this rather technical deviation does not appear to warrant a full rehearing on sentence. Art. 59(a), UCMJ, 10 USC § 859(a). Any possible prejudice can be remedied by the convening authority in his action, after the new recommendation is prepared, and by the Court of Military Review on further review.

The decision of the United States Navy–Marine Corps Court of Military Review and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a different convening authority for a new recommendation by a legal officer other than CWO4 Marks/staff judge advocate and a new action. Thereafter, Articles 66(b) and 67(a), UCMJ, 10 USC §§ 866(b) and 867(a) (1989), respectively, shall apply.

Judges CRAWFORD and GIERKE and Senior Judge EVERETT did not participate.

SULLIVAN, Chief Judge (concurring in part and in the result):

I find error occurred in the preparation of the recommendation in this case and join my Brother in ordering a new recommenda-

tion and action. As for the second granted issue, I find no legal error, so I do not find a rehearing on sentence is required. *United States v. Aurich*, 31 MJ 95, 98–101 (Sullivan, J., concurring in part and dissenting in part).