### UNITED STATES

v.

**Clinton G. ZAPTIN, 508–17–9922 Aviation Machinist's Mate Airman (E–3), U.S. Naval Reserve (TAR).**

**NMCM 93 01596.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 17 May 1993.

Decided 17 Feb. 1995.

878

LT Paul J. Ferdenzi, JAGC, USNR, Appellate Defense Counsel.

LCDR David B. Auclair, JAGC, USN, Appellate Government Counsel.

Before ORR, REED and KEATING, JJ.

REED, Senior Judge:

In accordance with his pleas, the appellant was convicted by a military judge, sitting alone, of conspiracy to distribute lysergic acid diethylamide [LSD], wrongfully using LSD, and two specifications of larceny in violation, respectively, of Articles 81, 112a, and 121, Uniform Code of Military Justice [hereinafter UCMJ or "the Code"], 10 U.S.C. §§ 881, 912a, 921 (1988). He was sentenced to confinement for 160 days, forfeiture of $542.00 pay per month for 5 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority [CA] approved the sentence as adjudged but suspended all confinement in excess of 86 days. This suspension was, in large part, an act of

clemency since a pretrial agreement required that the CA only suspend confinement in excess of 150 days.

On review, the appellant alleges six assignments of error,[1] the majority of which assert error in the post-trial review of his case.

In his first assignment of error the appellant argues that the convening authority's action must be set aside and a new staff judge advocate's [SJA] recommendation and a new CA's action ordered because the legal officer who authored the recommendation also preferred the charges against the appellant. Preferring the charges against the appellant made the legal officer an accuser.[2] *See* UCMJ art. 1(9), 10 U.S.C. § 801 (1988). The question then becomes: Does the fact that the SJA or the legal officer is an accuser *automatically* mandate that the CA's action be set aside and a new *SJA* recommendation and CA's action ordered? We hold that it does not if the SJA or the legal officer is only a "nominal" accuser. We do so on the basis of waiver, but we also conclude that, in any event, there was no prejudice.

We start our analysis by noting that a person who prefers charges against an accused must "[s]ign the charges and specifications under oath ..." and "[s]tate that ... [he] has personal knowledge of or has investigated the matters set forth ... [therein] and that they are true in fact to the best of ... [his] knowledge and belief." Rule for Courts–Martial [R.C.M.] 307(b)(1), (2). Our experience is that the accuser listed on the charge sheet is usually a member of the legal office who merely reads the investigative reports accompanying the request from a command for legal services. From the information he derives therefrom, that individual usually prefers charges against the accused. Such an accuser is normally termed a "nominal" or "statutory" accuser and not an "actual" accuser since he neither has " 'been injured by [the] accused's misconduct,' " *United States v. McGee*, 13 M.J. 699, 701 (N.M.C.M.R.1982) (quoting *United States v. Moeller*, 8 C.M.A. 275, 276, 24 C.M.R. 85, 86, 1957 WL 4708 (1957)), nor had any personal involvement in the case other than an official interest, *cf. United States v. Conn*, 6 M.J. 351, 354 (C.M.A.1979). This seems to be the situation in the present case, because the record is void of any indication that the legal officer had any prior involvement with either these offenses or this appellant and none is alleged by the appellant.

Article 6(c) of the Code and R.C.M. 1106 both provide that no person who "has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, associate or assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any

---

**1.** I. THE ACTION OF THE CONVENING AUTHORITY MUST BE SET ASIDE FOR A NEW LEGAL OFFICER'S RECOMMENDATION, WHERE THE LEGAL OFFICER WHO PREFERRED THE CHARGES AGAINST THE APPELLANT AUTHORED THE LEGAL OFFICER'S RECOMMENDATION.

II. THE MILITARY JUDGE ERRED WHEN SHE FAILED TO STATE THE ESSENTIAL FINDINGS ON THE RECORD RELATING TO APPELLANT'S MOTION FOR APPROPRIATE RELIEF IN THE FORM OF ADDITIONAL CREDIT FOR ILLEGAL PRETRIAL CONFINEMENT. (*Citations omitted.*)

III. THE CONVENING AUTHORITY'S ACTION FAILS TO DEMONSTRATE THAT THE CONVENING AUTHORITY CONSIDERED CLEMENCY MATTERS SUBMITTED ON 21 JULY 1993 BY APPELLANT AS REQUIRED BY THE RULES FOR COURTS–MARTIAL. (Citation omitted.)

IV. THE CONVENING AUTHORITY TOOK ACTION ON INACCURATE INFORMATION, BECAUSE THE STAFF JUDGE ADVOCATE'S RECOMMENDATION FAILED TO ADEQUATELY SUMMARIZE THE OFFENSES ON WHICH THE APPELLANT WAS ARRAIGNED. (Citation omitted.)

V. THE CONVENING AUTHORITY'S ACTION FAILS TO ACT ON THE JUDICIALLY ORDERED R.C.M. 305(k) CREDIT ORDERED BY THE MILITARY JUDGE AS REQUIRED BY THE RULES FOR COURTS–MARTIAL. (Citations omitted.)

VI. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF THE NAVY–MARINE CORPS COURT OF ... [CRIMINAL APPEALS] JUDGES' FITNESS REPORTS DEPRIVES THAT COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE. (Citation omitted.)

**2.** Article 1(9) provides that "[t]he term 'accuser' means a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and any other person who has an interest other than an official interest in the prosecution of the accused."

reviewing authority in the same case." 10 U.S.C. § 806(c) (1988); R.C.M. 1106(b). Neither mentions an accuser. Thus an accuser is not expressly prohibited under the Code or the Rules for Courts–Martial from preparing the legal officer's recommendation.

■■■ It has long been established under military case law, however, that an accused has the right to an impartial review of his case. *United States v. Gordon*, 1 C.M.A. 255, 2 C.M.R. 161, 1952 WL 1711 (1952). This includes the right "to a fair and impartial post-trial recommendation by one free from any connection with the controversy." *(United States v. Bygrave*, 40 M.J. 839, 845 (N.M.C.M.R.1994) (citing *United States v. Crossley*, 10 M.J. 376 (C.M.A.1981)); *United States v. Crunk*, 4 C.M.A. 290, 15 C.M.R. 290, 1954 WL 2289 (1954); *United States v. McCormick*, 34 M.J. 752 (N.M.C.M.R.1992)). An SJA who has acted as the accuser for any of the charges or specifications where he or she is *more than* a "nominal" or "statutory" accuser is disqualified from preparing the post-trial recommendation. *United States v. Hill*, 32 M.J. 940 (N.M.C.M.R.1991); *United States v. Schaffer*, 40 C.M.R. 794, 796, 1969 WL 6199 (A.B.R.1969) (citing *United States v. Ross*, 16 C.M.R. 579 (A.F.B.R., 1954 WL 2525 (1954)). However, a different situation arises in the case of a "nominal" accuser who subsequently serves as the *SJA*; here waiver applies, absent "plain error." *See United States v. Hamilton*, 41 M.J. 32 (C.M.A.1994).

■■■ Neither the appellant nor his trial defense counsel lodged any objection to the accuser acting as the SJA. The trial defense counsel was aware from the charge sheet that the SJA swore to the charges as an accuser. The defense counsel also was aware from the recommendation that was served upon him that the same person was also acting as the SJA, yet he offered no objection. If he fails to raise an objection then we hold waiver applies, absent any plain error.

"[T]he plain-error doctrine is reserved for 'those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Jackson*, 38 M.J. 106, 111 (C.M.A. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994) (quoting *United*

*States v. Fisher*, 21 M.J. 327, 328 (C.M.A. 1986)). Military courts have generally found plain error when the officer preparing the recommendation had "an other than official interest in the case" or the circumstances equated to no recommendation at all. *See United States v. Rice*, 33 M.J. 451 (C.M.A. 1991) (finding plain error when legal officer who prepared the recommendation also testified as a government witness at the presentencing hearing); *United States v. Smith*, 34 M.J. 894 (N.M.C.M.R.1992) (holding that preparation of recommendation by enlisted servicemember, not qualified to act as a legal officer, constitutes plain error); *Hill* (finding plain error when the appellant was convicted of disobedience of the lawful command of a superior commissioned officer and the recommendation was prepared by the same officer).

In this case, the legal officer was merely a nominal accuser and did not have an "other than official interest." The legal officer preferred the charges on 6 May 1993, one day after the appellant had already negotiated a pretrial agreement and a month after the appellant had confessed to the crimes. Any possible prejudice that may have resulted from the legal officer's belief prior to trial that the matters set forth in the charges were true was mooted by the appellant's pleas of guilty. Under such circumstances, the appellant's failure to challenge the legal officer's recommendation waived the error. *Hamilton.*

■■■ Turning to the remaining assignments of error, the appellant alleges in the second that the military judge erred when she failed to list her findings on appellant's motion for credit for illegal pretrial confinement. Since the military judge awarded the credit that the appellant requested we fail to see how he was prejudiced by the military judge's omission.

■■■ The appellant's third assignment of error is without merit. R.C.M. 1107(b)(3)(A)(iii) requires the convening authority to consider an accused's clemency petition but does not require him to "highlight his consideration of the petition." *United States v. Barnette*, 21 M.J. 749, 751

(N.M.C.M.R.1985). In the absence of evidence to the contrary, we will presume the CA has read the clemency matters submitted by the appellant prior to taking his action. *Id.* As we have already pointed out, in this case the CA exercised clemency by suspending all confinement in excess of 86 days even though he was only required by the pretrial agreement to suspend confinement in excess of 150 days. Under these circumstances, with the clemency petition attached to the record as required and predating the CA's action, there is more than a mere presumption that the CA considered the appellant's petition.

▪ The appellant's fourth assignment of error is equally without merit as R.C.M. 1106(d) does not require the SJA/legal officer's recommendation to include a summary of the offenses upon which the appellant was arraigned. We note, however, that the promulgating order fails to provide such a summary as required by R.C.M. 1114(c)(1). Additionally, the promulgating order does not note the judicially ordered administrative credit for illegal pretrial confinement as alleged in the appellant's fifth assignment of error. The appellant, however, has not been prejudiced by this omission. The Government has provided us with a copy of a Report of Results of Trial which was provided to the personnel at Marine Corps Base Brig at Quantico, Virginia, informing them of the judicially ordered credit for pretrial confinement and the appellant does not allege that he did not receive the appropriate credit. Nevertheless a new promulgating order is required to correct these omissions. *United States v. Stanford,* 37 M.J. 388 (C.M.A.1993); *United States v. Berlingeri,* 35 M.J. 794 (N.M.C.M.R.1992).

The appellant's sixth assignment of error previously has been decided adverse to his contentions. *United States v. Mitchell,* 39 M.J. 131 (C.M.A.), *cert. denied,* — U.S. —, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994).

Accordingly, the findings and sentence as approved on review below are affirmed. A corrected promulgating order shall be issued by the appropriate authority, noting the judicially ordered pretrial confinement credit and summarizing the offenses on which the appellant was arraigned.