**UNITED STATES, Appellee**

v.

**James K. EDWARDS, Storekeeper Chief U.S. Navy, Appellant.**

No. 95–0775.
Crim. App. No. 94–0029.

U.S. Court of Appeals for the Armed Forces.

Argued Feb. 29, 1996.

Decided Sept. 24, 1996.

For Appellant: *Commander M.T. Hall,* JAGC, USN (argued); *Lieutenant William M. Schrier,* JAGC, USNR and *Lieutenant John J. Luke,* JAGC, USNR.

For Appellee: *Lieutenant Andrew J. Waghorn,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief); *Major Laura L. Scudder,* USMC.

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a special court-martial composed of a military judge sitting alone at the Naval Base, Charleston, South Carolina, on September 29, 1993. In accordance with his pleas, he was found guilty of larceny (11 specifications), forgery (11 specifications), and false identification-card offenses (2 specifications), in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 923, and 934, respectively. The military judge sentenced appellant to a bad-conduct discharge, confinement for 100 days, and reduction to pay grade E–1. The convening authority suspended all confinement in excess of 79 days for 6 months, but otherwise approved the adjudged sentence on December 2, 1993. The Court of Criminal Appeals, in an unpub-

lished opinion, affirmed on February 21, 1995. On March 13, 1995, that court denied a petition for reconsideration based on a post-trial affidavit from defense counsel.

On August 24, 1995, this Court granted review on the following issue raised by the appellant:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL AP-PEALS ERRED IN HOLDING THAT A LEGAL OFFICER WAS NOT DIS-QUALIFIED FROM PREPARING THE RCM 1106 [RECOMMENDATION] BE-CAUSE THAT SAME OFFICER HAD PREFERRED CHARGES, INTERRO-GATED APPELLANT, AND ACTED AS AN EVIDENCE CUSTODIAN DURING THE PRETRIAL STAGES OF APPEL-LANT'S COURT MARTIAL.

We hold that the Court of Criminal Appeals erred in concluding that the legal officer was not disqualified from preparing the post-trial recommendation, and we order a new recom-mendation and action. *See United States v. Lynch,* 39 MJ 223 (CMA 1994); *United States v. Rice,* 33 MJ 451 (CMA 1991).

The facts giving rise to the granted issue are as follows. Lieutenant Commander (LCDR) W.C. Small, USN, a supply corps officer, served as legal officer for the Navy Supply Corps School in Athens, Georgia. On July 23, 1993, he preferred 3 Charges and 31 specifications of larceny, forgery, and false identity-card offenses against appellant, who was convicted of all but seven of these of-fenses. On November 18, 1993, the same LCDR Small prepared a Legal Officer's Rec-ommendation pursuant to RCM 1106, Manual for Courts–Martial, United States, 1984, and *recommended that the convening authority "approve the sentence as adjudged."* (Em-phasis added.) Appellant for the first time before the Court of Criminal Appeals chal-lenged LCDR Small's post-trial recommen-dation because he was the nominal accuser. That court denied this challenge.

Appellant's defense counsel was aware that LCDR Small had acted as both accuser and legal officer; however, he made no objections at trial. Upon further investigation after trial, defense counsel discovered that LCDR Small had a much greater involvement in appellant's case than was apparent from the record before the Court of Criminal Appeals. Defense counsel provided an affidavit stating that LCDR Small's involvement had gone far beyond that of a nominal accuser because he "took an active prosecutorial role," including conducting a videotaped interrogation of ap-pellant that resulted in his confession and acting as an evidence custodian during the pretrial stages of this case. The Court of Criminal Appeals refused to reconsider its decision on the basis of the affidavit.

— — —

Article 60(d), UCMJ, 10 USC § 860(d)(1983), states that a staff judge advo-cate or a legal officer shall review certain cases and provide a written recommendation to a convening authority concerning disposi-tion. *See* RCM 1106(a). Congress has made clear that the staff judge advocate or a non-lawyer "legal officer" (*see United States v. Curry,* 28 MJ 419, 422 (CMA 1989)) who provides the post-trial recommendation must not be disqualified by prior participation in the case. Article 6(c), UCMJ, 10 USC § 806(c), states:

No person who has acted as a member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case.

(*See also* Art. 64(a), UCMJ, 10 USC § 864(a)(1983); RCM 1106(b).) Although we have not declared recommendations prepared by a disqualified officer void, we have strictly applied this statute in light of its purpose "to assure the accused a thoroughly fair and impartial review." *See United States v. Lynch,* 39 MJ at 228, citing *United States v. Crunk,* 4 USCMA 290, 293, 15 CMR 290, 293 (1954); *see also United States v. Jeter,* 35 MJ 442 (CMA 1992).

■ The first question we will address is whether the Court of Criminal Appeals was correct in applying the plain-error doctrine. It made a predicate finding of waiver of the right to challenge the post-trial recommenda-tion on the basis of defense counsel's failure

to object at the time of the post-trial recommendation to LCDR Small's participation as legal officer. However, waiver entails the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993); quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Here, it is unrebutted that defense counsel did not become aware of the full extent of LCDR Small's involvement until after trial and completion of the post-trial recommendation. A finding of waiver of appellant's right to challenge the recommendation is not appropriate where defense counsel was not fully aware of the circumstances of disqualification. *See also United States v. Henry*, 42 MJ 231, 237 (1995); *see generally United States v. Wilson*, 21 MJ 193, 197 (CMA 1986).

 Assuming a finding of waiver is appropriate in this case, we, nonetheless, find plain error. *See* RCM 1106(f)(6). "In order to constitute plain error, the error must ... be both obvious and substantial." *United States v. Fisher*, 21 MJ 327, 328 (CMA 1986). "It must have affected the outcome of the" trial. *United States v. Olano*, 507 U.S. at 734, 113 S.Ct. at 1778, 123 L.Ed.2d 508. "The plain error doctrine is invoked to rectify those errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings[.]'" *United States v. Causey*, 37 MJ 308, 311 (CMA 1993), quoting *United States v. Fisher*, 21 MJ at 328; *see also United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). Therefore, "[p]lain error requires, at the very least, that there be an error; it is plain," in the sense of being "clear" or "obvious" (*see United States v. Olano*, 507 U.S. at 734, 113 S.Ct. at 1777–78); "and it affects a substantial right of the accused[.]" *United States v. Prevatte*, 40 MJ 396, 397 (CMA 1994).

LCDR Small's post-trial participation in appellant's case was obvious error. He had done more than just read a completed investigative report and then, in a clinical and detached manner, sign a charge sheet. He investigated the charges, conducted the interrogation, and acted as evidence custodian in partnership with the Naval Investigative Service during the pretrial stages of appellant's court-martial. This conduct not only provided a firm basis for inferring his bias for the prosecution in preparing the post-trial recommendation, but also potentially placed his own pretrial conduct at issue in that recommendation. *See United States v. Rice*, 33 MJ at 453 (as "government witness in aggravation, it is likely that he was unable when acting as legal officer, to weigh objectively the evidence ...."); *see also* RCM 1106, Discussion.

Moreover, this disqualification occurred in a matter impacting on a substantial right of appellant. We have often said that a military accused's "best hope for sentence relief from a court-martial judgment comes in the convening authority's action." *See United States v. Spurlin*, 33 MJ 443, 445 (CMA 1991), quoting *United States v. Bono*, 26 MJ 240, 243 n. 3 (CMA 1988), citing *United States v. Wilson*, 9 USCMA 223, 226, 26 CMR 3, 6 (1958). In view of the staff judge advocate's or legal officer's advisory function under Article 60(d) and RCM 1106, he plays a pivotal role in an accused's chances for relief. *See United States v. Curry*, 28 MJ 419. Thus, his disqualification in preparing this recommendation cannot be said to be a technical matter without impact on the outcome of these proceedings. *Cf. United States v. McElroy*, 40 MJ 368, 371 (CMA 1994).

Finally, turning to the question of prejudice (*see also United States v. Jeter, supra*), we are not persuaded that the legal officer's disqualification was harmless error. *See United States v. Green*, 44 MJ 93, 95 (1996); *United States v. Welker*, 44 MJ 85, 88 (1996). Appellant had 18 years of service at the time of his court-martial. As noted by the military judge, "The Chief Petty Officer's record while a member of the United States Navy and the United States Naval Reserve has been truly outstanding." Moreover, the record contains the following unrebutted mitigational response from appellant:

Q. Explain to the judge what happened back during April and early May of this year.

A. I guess you could call it emotional blackmail. Two people had in their possession the pictures, and they were threatening that if I did not go through with these credit card purchases, they were going to send the pictures to the command, my wife, my ex-wife over in Lexington, South Carolina, Angie's ex-husband, and that would have, I am sure, destroyed everything.

Q. To protect your family and your career, you went along with them?

A. Yes, sir.

We conclude that in this case justice demands a new recommendation by a legal officer not affiliated with the prosecution who can consider this case in an impartial manner. *See United States v. Lynch* and *United States v. Rice, both supra.*

The decision of the United States Navy–Marine Corps Court of Criminal Appeals and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a different convening authority for a new recommendation by a different legal officer and a convening authority action. Thereafter, Article 66, UCMJ, 10 USC § 866, will apply.

Judge GIERKE and Senior Judge EVERETT concur.

COX, Chief Judge (dissenting):

Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a), teaches us this:

(a) A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.

This applies to an error affecting any aspect of the proceedings.

Although I agree with the majority view that the participation by the legal officer in this case was a bit too much, it nevertheless did not create any prejudicial error. If it did, no one, including the majority, has convinced me what that prejudice was. Certainly trial defense counsel, the learned and very experienced military judge, and the experienced judges of the United States Navy–Marine Corps Court of Criminal Appeals have not seen any prejudice worthy of note.

Accordingly, I would affirm under principles of waiver, lack of prejudice, common sense, and the mighty legal doctrine of *de minimis non curat lex.*

CRAWFORD, Judge (dissenting):

I agree with Chief Judge Cox that any error in this case was harmless. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). I would also hold that disqualification of the Legal Officer was waived.

What happened at the court below is why we require pretrial matters to be raised at the court-martial in the first instance. If not raised at trial, we apply waiver absent plain error. Before the court below, the defense raised the issue that Lieutenant Commander (LCDR) Small was an accuser and thus could not sign the recommendation. The court below held that there was waiver, citing *United States v. Zaptin,* 41 MJ 877 (N.M.Ct. Crim.App.1995). When that was unsuccessful, appellate defense counsel sought an affidavit as to LCDR Small's pretrial conduct to fortify the original issue. A defective preferral of charges may be waived, absent plain error. *United States v. Weasler,* 43 MJ 15, 17 n. 2 (1995); *United States v. Hamilton,* 41 MJ 32, 36 (CMA 1994).

Assuming LCDR Small was the accuser, that would not disqualify him from being the legal officer post-trial. That person is only disqualified if there is a personal interest in the case. *See, e.g., United States v. Newman,* 14 MJ 474, 482 (CMA 1983)(convening-authority disqualification). In *United States v. Rice,* 33 MJ 451, 453 (1991), this Court held that it was plain error for the legal officer to prepare the recommendation where he had testified during sentencing in aggravation, because that testimony was sufficient to disqualify him even in the absence of an objection. In *Rice,* the legal officer "had strong personal feelings or biases about appellant." *Id.* at 453. However, in *United States v. Caritativo,* 37 MJ 175, 183 (1993), this Court held that Caritativo waived his claim of the disqualification of the staff judge

advocate because he had given advice to the prosecutor and tried to dissuade the defense from certain actions. Likewise, this Court found no plain error in these activities.

Even if LCDR Small was an accuser, *United States v. Jeter*, 35 MJ 442 (CMA 1992), held that the convening authority's status as an accuser was nonjurisdictional and could be waived if not raised at trial.

Thus, in addition to any error being harmless, the issue was waived. Accordingly, I dissent.