UNITED STATES, Appellee

v.

**Juan F. WANSLEY, Captain, U.S. Air Force, Appellant.**

No. 96–1132.
Crim.App. No. 31510.

U.S. Court of Appeals for the Armed Forces.

Argued May 13, 1997.

Decided Aug. 18, 1997.

For Appellant: *Major Ormond R. Fodrea* (argued); *Lieutenant Colonel Kim L Sheffield* (on brief); *Colonel Jay L. Cohen.*

For Appellee: *Captain Deborah M. Carr* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was tried at Keesler Air Force Base (AFB), Mississippi, by a general court-martial composed of members. Pursuant to his pleas, appellant was convicted of carnal knowledge with his 15–year–old step-daughter, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. Contrary to his pleas, he was convicted of committing indecent acts with his step-daughter (2 specifications), in violation of Article 134, UCMJ, 10 USC § 934. The convening authority approved the sentence of dismissal, 7 years' confinement, and partial forfeitures. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. We specified the following issue for review:

WHETHER THE CHARACTERIZATION OF APPELLANT'S CASE IN A NEWSPAPER ARTICLE, PREPARED AND PUBLISHED BY THE KEESLER AIR FORCE BASE LEGAL CENTER PRIOR TO THE CONVENING AUTHORITY'S ACTION, DISQUALIFIED THE STAFF JUDGE ADVOCATE FROM PREPARING THE POST–TRIAL RECOMMENDATION.

We hold that the staff judge advocate (SJA) was not disqualified from preparing the post-trial recommendation.

## FACTS

The specified issue is based upon an article from the Keesler AFB newspaper[1] relating to appellant's trial. The masthead for the local base newspaper contains the unit insignia of the general court-martial convening authority (GCMCA) (2d Air Force) and the unit insignia of the special court-martial convening authority (SCMCA) (81st Training Wing). The specific article, published prior to the GCMCA's action, contained no byline, but under the title are the words "Keesler Law Center." The article pertaining to appellant's trial quoted Captain (Capt) Andrew Franz, identified as Chief of Military Justice, Keesler Law Center, the base legal office at the 81st Training Wing, as stating that

> Captain Wansley's behavior "exhibited an extreme abuse of integrity and honor, and lacked the leadership expected from Air Force officers."

> "Captain Wansley's case sends a strong message of deterrence to people who prey on children," and tells victims "this type of criminal behavior will be severely perished [sic][.]"

Capt Franz worked for Lieutenant Colonel Sherri Johnson, the Base SJA. In reply to the SJA's recommendation to the GCMCA to approve the adjudged sentence, the defense submission contended that the article was published "on behalf of the command" and that it reflected "prejudgment" by the command. Submission at 4. As a result, the defense complained that appellant could not receive fair consideration of his clemency request because of this article.

1. Although the court below denied a motion to admit this article, appellate government counsel has not objected to reliance on this article by appellate defense counsel, and the article was presented to the convening authority prior to his action.

2. There is no indication that the addendum was served on the defense, but it contains no new matter. *See United States v. Chatman*, 46 MJ 321 (1997).

In the addendum,[2] Colonel (Col) Thomas Strand, the staff judge advocate for the GCMCA, responded to the error by noting, "If the Convening Authority or his Staff Judge Advocate had made these comments, defense counsel may have a legitimate complaint; however, this is not the case here." Additionally, he noted that "Captain Franz was in no way speaking on behalf of the convening authority nor does he have any input into the convening authority's clemency decision." Col Strand also commented that "[t]he law does not require a prosecutor to be impartial." Addendum at 3.

The Court of Criminal Appeals held: "Neither the staff judge advocate nor the convening authority was disqualified from performing their post-trial responsibilities concerning appellant's case." Unpub. op. at 3, citing *United States v. Fernandez*, 24 MJ 77, 79 (CMA 1987).

## DISCUSSION

■ Before acting on the findings and sentence of a general court-martial, the convening authority "shall refer the record of trial to his staff judge advocate or legal officer" who is required to submit written recommendations to the convening authority. After the SJA completes that recommendation, it is served on the accused and on defense counsel for a response. Art. 60(d), UCMJ, 10 USC § 860(d)(1983); RCM 1106(f)(1), Manual for Courts–Martial, United States (1995 ed.). The military accused is entitled to have this recommendation written by a neutral individual who is not a court "member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer."[3]

3. Article 6(c), Uniform Code of Military Justice, 10 USC § 806(c), provides:
   No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case.
   RCM 1106(b), Manual for Courts–Martial, United States (1995 ed.), provides:
   (b) *Disqualification.* No person who has acted as member, military judge, trial counsel,

We have held that an SJA or legal officer will be disqualified where he or she evaluates his or her own testimony;[4] or, in combination, prefers charges, interrogates an accused, and acts as evidence custodian;[5] or where he or she accuses the defense counsel of unethical conduct.[6] Additionally, "action[s] by the trial counsel will be imputed to the staff judge advocate absent evidence indicating that the staff judge advocate did not place his blessing thereon." *United States v. Johnson*, 4 MJ 8, 9 n. 4 (CMA 1977). However, we have held that testifying as to a matter of formality or giving testimony that is uncontroverted does not disqualify the SJA or legal officer.[7]

■ Appellant has the initial burden of making a *prima facie* case that the SJA, Col Strand, served in a disqualifying role. We hold that he has not met that burden. Our task would have been made much easier had Col Strand mentioned that Capt Franz was not assigned to the convening authority's SJA office but was assigned to the 81st Training Wing SJA office with its own chain of command, separate from 2d Air Force.

Col Strand's comment, 46 MJ at 336, however, made it clear that Capt Franz was not speaking on behalf of the command and that Capt Franz was not involved in preparing the SJA's recommendation to the convening authority. Thus, the SJA's comments rebutted the inference that the SJA or the command approved or relied upon the comments by Capt Franz. Subsequent to the convening authority's action, the defense had ample opportunity to obtain and submit information that would demonstrate such approval or reliance. No such submission has been made during proceedings before the Court of Criminal Appeals or this Court. In that context, the defense has not met its burden to rebut the statement by the SJA that there was no such reliance or approval. Accordingly, the specified issue is without merit.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, GIERKE, and EFFRON concur.

---

assistant trial counsel, defense counsel, associate or assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing or convening authority in the same case. The Discussion to that Rule notes:

The staff judge advocate or legal officer may also be ineligible when, for example, the staff judge advocate or legal officer; [sic] served as the defense counsel in a companion case; testified as to a contested matter (unless the testimony is clearly uncontroverted); has other than an official interest in the same case; or must review that officer's own pretrial action (such as the pretrial advice under Article 34; see RCM 406) when the sufficiency or correctness of the earlier action has been placed in issue.

4. *See United States v. Choice*, 23 USCMA 329, 49 CMR 663 (1975); *but see United States v. Loving*, 41 MJ 213, 288 (1994) (erroneous information in pretrial advice as to age, restraint, and awards does not disqualify SJA from performing post-trial duties), *aff'd. on other grounds*, —— U.S. ——, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996).

5. *United States v. Edwards*, 45 MJ 114, 116 (1996).

6. *United States v. Fisher*, 45 MJ 159 (1996).

7. *Choice*, 23 USCMA at 331, 49 CMR at 665; *United States v. Reynolds*, 36 MJ 1128, 1132–33 (ACMR 1993); *but see United States v. Rice*, 33 MJ 451 (CMA 1991) (person who testifies as to the accused's lack of rehabilitative potential disqualified from authoring SJA recommendation).