**UNITED STATES, Appellee,**

v.

**Donald J. DRESEN, Technical Sergeant U.S. Air Force, Appellant.**

No. 93–0949.
Crim.App. No. 29249.

U.S. Court of Appeals for
the Armed Forces.

Argued April 9, 1997.

Decided Sept. 15, 1997.

Certiorari Denied Jan. 12, 1998.
See 118 S.Ct. 700.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* and *Colonel David W. Madsen* (on brief); *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Theodore J. Fink* (on brief); *Major LeEllen Coacher.*

*Opinion of the Court*

EFFRON, Judge:

At a contested trial in January 1991 at Carswell Air Force Base, Texas, appellant

was convicted by a general court-martial composed of officer and enlisted members of charges that he had disobeyed a lawful order of a superior commissioned officer and that he had used marijuana on divers occasions over a 9–month period. *See* Arts. 90 and 112a, Uniform Code of Military Justice, 10 USC §§ 890 and 912a, respectively. The members sentenced him to a bad-conduct discharge, confinement for 12 months, forfeiture of $500.00 pay per month for 6 months, and reduction to the lowest enlisted grade. On the recommendation of his staff judge advocate (SJA), the convening authority set aside the disobedience finding and dismissed that charge as having been improperly referred. He did not disturb the marijuana-use finding and approved the sentence, except for confinement exceeding 10 months.

I. Prior Appellate Review

As a result of multiple deficiencies in the post-trial processing of this case, it has been reviewed on three occasions by this Court and by the court below.

In its initial review of this case, the Court of Military Review (subsequently redesignated as the Court of Criminal Appeals)[1] held that it could not be certain that the convening authority provided adequate relief with respect to the sentence following his dismissal of the disobedience charge. 36 MJ 1103, 1114 (1993). That court decided not to order a sentence rehearing, however, and took curative action by reducing the sentence to include only a bad-conduct discharge and reduction to the lowest enlisted grade. *Id.* at 1114–15. On appellant's petition from that decision, we ordered a new SJA's recommendation and convening authority's action, based upon an unrelated issue as to ineffective assistance of counsel during post-trial clemency proceedings. 40 MJ 462 (1994)(*Dresen I*).

When the case was returned to 8th Air Force, both the original SJA and the original convening authority had departed, and different officers occupied those positions. Upon recommendation of the new SJA, the new convening authority approved the same findings and sentence that the original convening authority had approved—the use charge and a bad-conduct discharge, confinement for 10 months, forfeiture of $500.00 pay per month for 6 months, and reduction to the lowest enlisted grade—despite the fact that the Court of Military Review had not affirmed the portions of the sentence that extended to confinement and forfeitures. 36 MJ at 1115.

The case was then forwarded to the Court of Criminal Appeals (previously designated as the Court of Military Review)[2] in February 1995, and that court affirmed the sentence approved in the second convening authority's action. On appellant's petition from that decision, we concluded that the SJA had committed plain error when he advised the convening authority that he could approve a sentence that included punishments that had not been affirmed by the Air Force appellate court during its initial review of the case, and we ordered a new recommendation and action. 43 MJ 372 (1995)(summary disposition)(*Dresen II*).

Three months later, on December 27, 1995, at the request of the 8th Air Force SJA, the Government filed a motion in this Court, asking us to allow filing out-of-time of a petition for reconsideration of our disposition of *Dresen II*. The Government argued that the legal basis upon which we had relied was not applicable and that, because we had set aside the lower court's decision in *Dresen I*, the lower court's decision in that case did not place a ceiling on the sentence that the convening authority could approve in a subsequent opinion. This Court denied the Government's motion to file the petition. 43 MJ 478 (1996)(*Dresen III*).

The record then was returned to 8th Air Force for a new SJA's recommendation and action by the convening authority. Both the SJA and the convening authority who had been involved in the second recommendation and action had departed, and these positions were now occupied by officers who had not held those positions during either of the earlier reviews of this case.

1. *See* 41 MJ 213, 229 n. * (1994).

2. *See* n. 1, *supra.*

The new convening authority approved the remaining marijuana-use finding and, consistent with the decision in *Dresen II*, approved only that portion of the sentence that included a bad-conduct discharge and reduction to the grade of E–4.

■ The Court of Criminal Appeals, in an unpublished decision dated July 30, 1996, affirmed the findings and the newly approved sentence. We granted appellant's petition for review of the following issue:

WHETHER IT WAS IMPROPER FOR THE 8TH AF [AIR FORCE] LEGAL OFFICE, GIVEN THEIR ACTIVE INVOLVEMENT IN ATTEMPTING TO OVERTURN THE COURT OF APPEALS FOR THE ARMED FORCES' DECISION ORDERING A NEW ACTION, TO HAVE PROVIDED THE LEGAL ADVICE TO THE 8TH AIR FORCE COMMANDER, THE CONVENING AUTHORITY, REGARDING THE DISPOSITION OF APPELLANT'S CASE.

For the reasons discussed below, we hold that the 8th Air Force Legal Office was not disqualified from providing legal advice to the convening authority on this case.

## II. Analysis

Article 60(d), UCMJ, 10 USC § 860(d) (1983), requires that a convening authority of a general court-martial "obtain and consider the written recommendation of his staff judge advocate or legal officer" before taking post-trial action on the findings and sentence. The only statutory disqualification regarding who may serve as an SJA for this purpose is found in Article 6(c), UCMJ, 10 USC § 806(c), which provides:

No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case.

RCM 1106(b), Manual for Courts–Martial, United States (1995 ed.), contains the same disqualification language found in Article 6(c). The non-binding Discussion that accompanies RCM 1106(b) reflects concern that, in addition to the list of disqualifications, a person may become "ineligible" to serve as a staff judge advocate in a particular case by virtue of other prior activity by that person. The Discussion states:

The staff judge advocate or legal officer may also be ineligible when, for example, the staff judge advocate or legal officer served as the defense counsel in a companion case; testified as to a contested matter (unless the testimony is clearly uncontroverted); has other than an official interest in the same case; or must review that officer's own pretrial action (such as the pretrial advice under Article 34; *see* RCM 406) when the sufficiency or correctness of the earlier action has been placed in issue.

Appellant does not contend that the officer who was the 8th Air Force SJA on the last occasion of review by that office had served in any of the above-listed conflicted positions. Reflecting the fact that a different officer served as the SJA during each of the three post-trial proceedings in this case, appellant does not urge a theory of personal disqualification. Instead, as the granted issue reflects, appellant contends that the entire "8th AF legal office" should be disqualified from providing a recommendation to the convening authority by virtue of the involvement of that office, institutionally, in asking the appellate government division to seek reconsideration of *Dresen II*.

In some cases, our Court specifically has required that a new post-trial recommendation and action be done by a "new" or a "different" staff judge advocate and convening authority. *See United States v. Rice*, 33 MJ 451, 453 (CMA 1991). Article 6(c), RCM 1106(b), the Discussion following that rule, and the relevant precedents of this Court all demonstrate sensitivity to the need that the officers performing those important statutory responsibilities be, and appear to be, objective. *See, e.g., United States v. Newman*, 14 MJ 474, 482 (CMA 1983); *United States v. Collins*, 6 MJ 256, 257–58 (CMA 1979); *United States v. Engle*, 1 MJ 387, 389 (CMA 1976).

In this case, however, appellant did not ask us during any of the prior proceedings to disqualify a particular SJA or legal office, and nothing in our prior actions suggested any such disqualification. While it might be possible to conceive of a hypothetical case in which an entire legal office could become so conflicted that the post-trial recommendation should be done by a different SJA's office, that would be an unusual case. Appellant has the burden to demonstrate the basis for an alleged disqualification, but he has not done so here.

The individuals best situated to address the potential for bias were those directly involved in the post-trial action. Appellant, however, did not even comment on this matter when responding to the last SJA's recommendation, even though the SJA forthrightly set forth the history of the case—including the statement that "[t]his office requested, through appellate channels, that the United States Court of Appeals for the Armed Forces reconsider their order." 1996 SJA Recom. at ¶ 36b. *Compare United States v. Caritativo*, 37 MJ 175, 183 (CMA 1993)(accused's failure to challenge SJA's impartiality *prior to or during trial or in his clemency* petition to the convening authority waived appellate claim for new recommendation on that ground), *with Rice*, 33 MJ at 453 (plain error for recommendation to be prepared by legal officer who had testified at sentencing as a witness in aggravation); *see also United States v. Edwards*, 45 MJ 114, 115–16

(1996)(no waiver of challenge to SJA's impartiality where defense counsel not fully aware of circumstances).

Appellant had ample opportunity during our prior consideration of the case and during the convening authority's most recent action to demonstrate that the SJA or the legal office should have been disqualified. He did not do so. Additionally, he has not demonstrated any basis for us to find plain error in the face of his prior failure to seek such relief. The action of the second SJA, after our decision in *Dresen II*, was limited to a professional request that the Appellate Government Division in Washington, DC, ask us to reconsider that decision. There were reasonable questions and differing views about the precise meaning and the impact of our earlier order, which the Government—exercising its discretion in behalf of the SJA and the convening authority—sought to answer through filing the petition for reconsideration. It is not the sort of activity that would provide the basis for an institutional challenge to a subsequent SJA or an entire legal office.

### III. Decision

The 1996 decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.