# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, B.T. PALMER, S.A. DOMINGUEZ**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## WILLIAM G. MAC
## OPERATIONS SPECIALIST THIRD CLASS (E-4), U.S. NAVY

### NMCCA 201500413
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 23 September 2015.
**Military Judge:** CAPT P.C. LeBlanc, JAGC, USN.
**Convening Authority:** Commanding Officer, USS PINCKNEY (DDG 91).
**For Appellant:** Maj Jeffrey S. Stephens, USMCR.
**For Appellee:** Mr. Brian K. Keller, Esq.

### 21 April 2016

-----------------------------------------------------
### OPINION OF THE COURT
-----------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of wrongful marijuana use and one specification of assault consummated by a battery in violation of Articles 112a and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 928. The appellant was sentenced to eight months of confinement, forfeiture of $1,144.00 per month for eight months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement, suspended all confinement in excess of six months and further suspended the punitive discharge as long as the appellant waived his right to administrative discharge proceedings.

Although not raised by the appellant, we find error occurred when the legal officer authored the post-trial recommendation after testifying at the appellant's court-martial.

Judge Dominguez participated in the decision of this case prior to detaching from the court.

BACKGROUND

The appellant committed the charged offenses during May-July 2015. During sentencing, the prosecution called the appellant's Division Officer, Ensign (ENS) RR, who testified, over defense objection, that the appellant's misconduct negatively impacted the work section.[1] Additionally, the appellant offered an evaluation report signed by ENS RR as mitigation evidence.[2] On 5 and 6 October 2015, the appellant sought clemency by asking the CA to disapprove the imposed forfeitures and to defer automatic forfeitures until the CA's action.

As the CA's legal officer, ENS RR recommended the CA "approve the sentence as adjudged . . . in accordance with the . . . terms of the pretrial agreement."[3] The legal officer's recommendation was served on the appellant's defense counsel on 13 November 2015,[4] and on 17 December 2015, the CA, without granting the requested clemency, approved the sentence in accordance with the pretrial agreement.

DISCUSSION

Whether an individual is disqualified from serving as the legal officer is a question of law we review *de novo*. *United States v. Taylor*, 60 M.J. 190, 194 (C.A.A.F. 2004).

A legal officer who testifies on a contested issue is generally disqualified from later advising the CA in the same case, because "a person who testifies in a case and later has to assess his own testimony is not likely to give it less than absolute credibility and the fullest possible effect." *United States v. Choice*, 49 C.M.R. 663, 665 (C.M.A. 1975). On the other hand, "testifying as to a matter of formality or giving testimony that is uncontroverted does not disqualify the SJA or legal officer." *United States v. Wansley*, 46 M.J. 335, 337 (C.A.A.F. 1997). *See also* RULE FOR COURT-MARTIAL 1106(b) MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Discussion (A witness who "testified as to a contested matter (unless the testimony is clearly uncontroverted)" may be disqualified from acting as a legal officer).

The test to be applied in differentiating the two situations is one of "objective reasonableness"; in other words, "[i]f from [the legal officer's] testimony, it appears that he has a personal connection with the case, he may not act as reviewing authority. On the other hand, if his testimony is of an official or disinterested nature only, he may properly review the record." *Choice*, 49 C.M.R. at 665 (quoting *United States v. McClenny*, 18 C.M.R. 131, 137 (C.M.A. 1955)).

We find the legal officer's testimony offered in aggravation over the appellant's objection was, by that objection, "a contested matter." Additionally, his appearance as a witness for the prosecution to give testimony on a substantive matter such as the level of aggravation of the appellant's crime cannot be described as "disinterested." Finally, the legal officer's role as the appellant's workplace supervisor during a period in which some of the appellant's offenses occurred, regardless of whether he testified for

---

[1] Record at 49-52.

[2] Defense Exhibit A at 6.

[3] Legal Officer's Recommendation of 10 Nov 2015 at 3.

[4] The record is silent on whether the appellant submitted additional clemency matters or whether the legal officer provided an addendum recommendation.

2

the prosecution or defense, further demonstrated the legal officer's interest in the case's outcome. Accordingly, we find the legal officer was disqualified from preparing the post-trial recommendation in this case.

## CONCLUSION

The CA's action is set aside. The record is returned to the Judge Advocate General for remand to an appropriate CA for preparation of a new staff judge advocate's or legal officer's recommendation and new CA's action in compliance with R.C.M. 1105-1107. Thereafter, the record will be returned to this court for completion of appellate review.

For the Court

R.H. TROIDL
Clerk of Court