UNITED STATES, Appellee,

v.

Jacqueline JOHNSON–SAUNDERS, Staff Sergeant, U.S. Air Force, Appellant.

No. 97–0302.
Crim.App. No. S29158.

U.S. Court of Appeals for the Armed Forces.

Submitted May 21, 1997.

Decided April 17, 1998.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* and *Captain Margo Stone Newton* (on brief).

For Appellee: *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Captain Deborah M. Carr* (on brief).

PER CURIAM:

In a contested trial, a special court-martial convicted appellant of conspiracy to wrongfully appropriate testing materials, violating a general order by wrongfully reviewing and reproducing testing materials, and bribery, in violation of Articles 81, 92, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 892, and 934, respectively. The members sentenced her to a bad-conduct discharge, confinement for 45 days, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue raised by appellate defense counsel:

> WHETHER APPELLANT IS ENTITLED TO A REDUCTION IN SENTENCE OR, IN THE ALTERNATIVE, A NEW CONVENING AUTHORITY ACTION BECAUSE THE JUDGE ADVOCATE WHO PREPARED THE STAFF JUDGE ADVOCATE'S RECOMMENDATION WAS DISQUALIFIED DUE TO HER ROLE AS TRIAL COUNSEL.

For the reasons stated below, we agree with appellant that a new post-trial recommendation and action are necessary.

■ Captain Feliciani served as assistant trial counsel in this case. In that capacity she swore the accuser and served the charges on appellant; conducted part of the *voir dire;* successfully challenged one mem-

ber for cause over the opposition of defense counsel; conducted the direct examination of one of the witnesses in the Government's case-in-chief; generally conducted the Government's case in aggravation; and made the Government's sentencing argument. During that argument, she strongly urged the members to sentence appellant to the jurisdictional limits of the court-martial.

Following trial, in her capacity as "Acting Chief, Military Justice," Captain Feliciani drafted the staff judge advocate's recommendation. The staff judge advocate attached a single line to the recommendation, noting that he had "reviewed the record of trial and the ... recommendation and concur[red]." When the recommendation was tendered to defense counsel, she made no comment on the fact that Captain Feliciani had prepared the recommendation.

The Court of Criminal Appeals held that appellant waived any defect in the preparation of the recommendation by failing to draw it to the attention of the convening authority. The Government urges us to do likewise here and to find that Captain Feliciani's participation in the post-trial stage did not amount to plain error. We decline to do so.

■ First, Captain Feliciani clearly was disqualified statutorily. Article 6(c), UCMJ, 10 USC § 806(c), provides: "No person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case." *See also*

RCM 1106(b), Manual for Courts–Martial, United States (1995 ed.); *cf. United States v. Hamilton*, 47 MJ 32 (1997). Moreover, Captain Feliciani's extensive participation in the trial would cause a disinterested observer to doubt the fairness of the post-trial proceedings. *Cf. United States v. Fisher*, 21 MJ 327, 328 (CMA 1986), citing *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936).

Finally, the only real issue for the convening authority in this case was whether appellant would receive any clemency. To have the assistant trial counsel, who previously had argued for a much harsher sentence than that adjudged by the members, advise the convening authority on the appropriateness of that sentence is clearly inappropriate.*

The decision of the United States Air Force Court of Criminal Appeals and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to another convening authority for a new recommendation and action.

CRAWFORD, Judge (dissenting):

I respectfully dissent from the majority opinion. Appellant, a staff sergeant, committed serious offenses and was sentenced by members to a bad-conduct discharge, 45 days' confinement, and reduction to the lowest enlisted grade. As I said in *United States v. Mark*, 47 MJ 99, 103 (1997)(dissenting):

If this case is returned to a convening authority, what are his or her options?

the convening authority, as a matter of "command prerogative," has the "sole discretion" to reduce or modify any sentence. *See* Art. 60(c), UCMJ, 10 USC § 860(c). So long as a convening authority acts within the lawful exercise of discretion provided by Article 60, it is the responsibility of the convening authority, not this Court, to determine whether the sentence should be approved or modified. Because the error in this case materially prejudiced the right of appellant to the exercise of such discretion by a properly advised convening authority, it is appropriate to return the case to another convening authority for corrective action. *See* Art. 59(a), UCMJ, 10 USC § 859(a).

---

* The dissent contends that further action is not warranted because "any convening authority would prefer to have a vacancy rather than this appellant in the unit." The sweeping assertion that the sentence would not have been modified by "any convening authority" is not supported by any analysis of the actions that convening authorities have taken in referring cases to trial or acting on the results of trial. Moreover, if the convening authority had demonstrated such an inelastic attitude towards sentence review prior to acting on the case, he would have been disqualified as a matter of law. *See United States v. Howard*, 23 USCMA 187, 48 CMR 939 (1974). The Uniform Code of Military Justice embodies the longstanding principle of military law that

Restore the rank? ... [Confinement has already been served.] The real issue is the discharge. I would suggest that, in the present downsizing climate, appellant's discharge would not be suspended or set aside because any convening authority would prefer to have a vacancy rather than this appellant in the unit.

During this "downsizing climate," this Court has returned numerous cases for new staff judge advocate (SJA) recommendations and actions, *see, e.g., United States v. Carnley,* 46 MJ 401 (1997); *United States v. Parks,* 46 MJ 114 (1996); and *United States v. Dresen,* 43 MJ 372 (1995); or for resolution of questions concerning post-trial representation by counsel, *see, e.g., United States v. Tise,* 43 MJ 446 (1995); *United States v. Dickey,* 43 MJ 170 (1995); and *United States v. Williams,* 43 MJ 149 (1995), but no favorable convening authority actions have been taken.

For nearly 50 years, this Court has declared that the post-trial phase constitutes a convicted servicemember's best chance for clemency. *See, e.g., United States v. MacCulloch,* 40 MJ 236, 239 (CMA 1994); *United States v. Massey,* 5 USCMA 514, 18 CMR 138 (1955). The Rules of Evidence do not apply at that stage, and the "convening authority has absolute power to disapprove the findings and sentence, or any part thereof, for any or no reason, legal or otherwise." *United States v. Boatner,* 20 USCMA 376, 378, 43 CMR 216, 218 (1971).

Regrettably, this Court has seen far too many unnecessary errors in the post-trial phase. Understandably, we have attempted to provide for a meaningful convening-authority review by returning many of these cases for new SJA recommendations and convening authority actions. However, since our return of these cases has neither stemmed the tide of post-trial errors by SJAs nor resulted in timely and meaningful review by convening authorities, I suggest that it is time to explore alternatives.

There are a number of options that could remedy this sloppy post-trial practice by the Government. First, the Clerks of the Courts of Criminal Appeals could return records of trial to convening authorities if post-trial errors are noted. Second, the Courts of Criminal Appeals could take corrective action when necessary. Most importantly, the Judge Advocate General (or equivalent), or his or her designee, could track these errors and note who was serving as SJA when the error occurred. This information then could be disseminated to the SJA or other appropriate individuals, including those who rate the SJA. Where a particular jurisdiction has too many errors, appropriate remedial action could be taken. This approach may be the most effective way to prevent continued errors in the post-trial phase. By the time a case reaches this Court, both the SJA and the convening authority have usually moved on to different assignments.

Any or all of the above options may eliminate many of the issues appearing before this Court and provide for meaningful review and action by convening authorities.