CRAWFORD, Chief Judge
(dissenting):
I, too, am troubled by sloppy post-trial practice that this Court has seen all too frequently. In United States v. Johnson Saunders, 48 M.J. 74, 76 (C.A.A.F.1998), I noted a number of options available to prevent sloppy practice.
First, the Clerks of the Courts of Criminal Appeals could return records of trial to convening authorities if post-trial errors are noted. Second, the Courts of Criminal Appeals could take corrective action when necessary. Most importantly, the Judge Advocate General (or equivalent), or his or her designee, could track these errors and note who was serving as [the Staff Judge Advocate (SJA) ] when the error occurred. This information then could be disseminated to the SJA or other appropriate individuals, including those who rate the SJA. Where a particular jurisdiction has too many errors, appropriate remedial action could be taken. This approach may be the most effective way to prevent continued errors in the post-trial phase. By the time a case reaches this Court, both the SJA and the convening authority have usually moved on to different assignments.
Despite my concerns, when a case such as this is resolved in the manner chosen by the majority, I have to ask what is left of Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (2000)? Article 59(a) states:
A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.
(Emphasis added.) We have held that an appellant must make a colorable showing of possible prejudice under Article 59(a). United States v. Chatman, 46 M.J. 321, 324 (C.A.A.F.1997). However, that does not mean a colorable showing in a vacuum. On the contrary, it means a colorable showing of Article 59(a) prejudice. More is required than merely raising any matter affecting Appellant that was unknown to the convening authority at the time of the review and action.
*265 Although we have said that we as a Court will not speculate as to what a convening authority may do with new information, our role is not to sit as “potted plants” either. In determining whether Appellant has met his burden of demonstrating a colorable showing of prejudice under Article 59(a), we should conduct a reasoned analysis based upon our experience and independent judgment. By not doing so, I fear that we have eviscerated Article 59(a) and effectively established a rote, per se reversal rule anytime an appellant raises any matter that he or she might have brought to the convening authority’s attention post-trial. Thus, the result reached by the majority raises for me two troubling questions: First, do we as judges have any role in exercising our discretion to analyze and assess Article 59(a) prejudice based upon our experience and independent judgment? If not, does Article 59(a) mean anything anymore in the post-trial area?
In exercising my experience and independent judgment to interpret Article 59(a), I conclude that the facts of this ease clearly demonstrate Appellant did not suffer prejudice under Article 59(a) by the post-trial error. Appellant was anything but a stellar sailor. He missed movements on March 1, 4, 9, and 16, 1999. He subsequently pleaded guilty to absence without leave (AWOL) from February 23 to October 19, 1999, with the absence terminated by a surrender rather than an apprehension. The convening authority agreed to change the initial charge of AWOL terminated by an apprehension to AWOL truncated by suspension, consistent with Appellant’s pleas. Appellant also had a summary court-martial conviction on June 4, 1998, for AWOL between April 9-May 4, 1998; missing movement on April 13, 1998; AWOL between May 14-15, 1998; and AWOL between May 18-20,1998.
At this time, the remedy Appellant seeks is a new convening authority review and action, undoubtedly hoping to set aside the punitive discharge. But in addition to Appellant’s poor disciplinary record, his own actions indicate he does not want to remain in the service. Therefore, I conclude that he has failed in his burden to demonstrate that he was prejudiced under Article 59(a) by the SJA’s error in this case.
This is certainly not the first time that, contrary to the majority and after exercising my independent judgment and analysis, I have concluded that an appellant has failed to meet his burden of demonstrating a color-able showing of prejudice under Article 59(a) and that, therefore, no reasonable convening authority would set aside the punitive discharge. Numerous cases like this have been returned for a new review and action by a majority of the Court over the years and no favorable convening authority actions have been taken. See, e.g., United States v. Johnston, 51 M.J. 227, 230 (C.A.A.F.1999)(Crawford, J., dissenting); United States v. Carnley, 46 M.J. 401, 401-02 (C.A.A.F.1997)(summary disposition); United States v. Catalani, 46 M.J. 325, 330 (C.A.A.F.1997)(Crawford, J., dissenting); United States v. Parks, 46 M.J. 114 (C.A.A.F.1996)(summary disposition); United States v. Edwards, 45 M.J. 114, 117 (C.A.A.F.1995)(Crawford, J., dissenting); United States v. Tise, 43 M.J. 446, 446-47 (C.A.A.F.1995)(summary disposition); United States v. Dresen, 43 M.J. 372 (C.A.A.F.1995)(summary disposition); United States v. Dickey, 43 M.J. 170, 170-71 (C.A.A.F.1995)(summary disposition); United States v. Williams, 43 M.J. 149 (C.A.A.F.1995)(summary disposition).