UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class ANTHONY RAMOS
 United States Army, Appellant

 ARMY 20090099

 Headquarters, 82d Airborne Division
 Patrick J. Parrish and Gary J. Brockington, Military Judges
 Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate (pretrial)
 Major Kaiesha N. Wright, Acting Staff Judge Advocate (recommendation)
 Major Jessica A. Golembiewski, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Timothy W. Thomas, JA; Lieutenant Colonel Jonathan F.
Potter, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Sara M. Root, JA; Captain James T. Dehn, JA (on brief).

 19 July 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

SIMS, Judge:

 On consideration of the entire record, including consideration of the
issues personally specified by appellant, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Chief Judge TOZZI concurs.

HAM, Judge, dissenting:

 I dissent from my brethren’s summary affirmance and would return this
case for a new post-trial review and action. I believe a disqualified
officer served as staff judge advocate (SJA) and advised the convening
authority during the post-trial process. See United States v. Stefan, ARMY
20081097 (Army Ct. Crim. App. 29 January 2010) (unpub.) (Ham, J.,
dissenting).

 Throughout this case, Major (MAJ) Wright wore numerous hats.
Appearing first in the record of trial on 24 November 2008, as “Chief,
Military Justice,” MAJ Wright signed the charge referral. Next, MAJ Wright
appeared on 25 November 2008, as “Trial Counsel,” and served the referred
charge on appellant. Third, on 9 June 2009, MAJ Wright, acting this time
as “Acting Staff Judge Advocate,” granted trial defense counsel’s request
for an extension of time to submit post-trial matters. On 7 July 2009, MAJ
Wright signed the promulgating order and the Chronology Sheet, DD Form 490
as “Chief, Military Justice” and “Chief, Criminal Law Section,”
respectively. Again on 7 July 2009, MAJ Wright signed the Court-Martial
Data Sheet, DD Form 494, as “Trial Counsel,” “Convening Authority or
His/Her Representative,” and “Staff Judge Advocate of General Court-Martial
Convening Authority or Reviewing Judge Advocate.”

 Most importantly, on 4 June 2009, MAJ Wright served as the acting SJA
in this case, and signed the Staff Judge Advocate’s Recommendation (SJAR),
wherein MAJ Wright recommended the convening authority approve the sentence
as adjudged. As in Stefan, I believe MAJ Wright wore too many hats in this
case, and was disqualified from rendering advice to the convening
authority. Id.

 The facts of this case differ slightly from Stefan because the
document at issue is the SJAR, rather than the addendum to the SJAR. Id.
at 2-3. Thus, defense counsel had an opportunity to object to MAJ Wright’s
involvement in the post-trial process and did not. However, even where an
accused has an opportunity to object to a disqualified officer’s
involvement in drafting the SJAR, our superior court has found that failure
to do so does not result in waiver. United States v. Johnson-Saunders, 48
M.J. 74, 75 (C.A.A.F. 1998).

 This case demands at least a new review and action by an officer “not
affiliated with the prosecution who can consider this case in an impartial
manner.” United States v. Edwards, 45 M.J. 114, 117 (C.A.A.F. 1996)
(citations omitted).

 Therefore, I dissent.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court