# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class PATRICK F. REDDICT**
**United States Army, Appellant**

ARMY 20170290

Headquarters, Seventh Army Training Command
Joseph A. Keeler, Military Judge (arraignment)
David Robertson, Military Judge (trial)
Lieutenant Colonel Eugene Y. Kim, Staff Judge Advocate (pretrial)
Lieutenant Colonel Joseph B. Mackey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief); Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on reply brief).

For Appellee: Lieutenant Colonel Eric Stafford, JA; Captain Marc B. Sawyer, JA (on brief).

10 August 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LEVIN, Judge:

In this appeal, we address two issues: First, appellant claims that his sentence should be reduced because the post-trial processing of his case was 69 days longer than the standard outlined in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Second, appellant asserts that it was error for the same judge advocate who acted as a preliminary hearing officer in his case to later act as the post-trial Chief of Justice. Although we find the government erred in both matters of post-trial processing, we also find neither error prejudiced the appellant, and no relief is warranted.

---

[1] Judge Levin took action on this case while on active duty.

## BACKGROUND

Appellant pleaded guilty to two specifications of abusive sexual contact and one specification of false official statements, in violation of Articles 120 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 907 (2012) [UCMJ].

At his guilty plea, appellant, a senior noncommissioned officer (NCO), admitted that he sexually abused an incapacitated junior soldier. When questioned by law enforcement about his conduct, he lied.

The military judge, sitting as a general court-martial, sentenced appellant to a bad-conduct discharge, confinement for sixteen months, total forfeiture of all pay and allowances, and a reduction to the grade of E-1. Pursuant to the pretrial agreement, the Convening Authority approved only so much of the sentence as provided for confinement for sixteen months, forfeiture of all pay and allowances, and reduction to the grade of E-4. Appellant's case is now before this court for review under Article 66, UCMJ.

## LAW AND DISCUSSION

### A. *Post-Trial Delay*

Appellant asks this court to reduce his sentence to confinement by 69 days because of unreasonable post-trial delay. Appellant correctly asserts that the 189 days taken to conduct the post-trial processing of his case is presumptively unreasonable and exceeds the 120 standard established by our superior court in *Moreno,* 63 M.J. at 142. Accordingly, we are required to answer two questions.

First, is appellant entitled to relief because the tardy post-trial processing of his case amounted to a due process violation? *See Id.* at 135-36. Appellant does not allege prejudice, and we find none. We therefore answer this first question summarily in the negative.

Second, in cases of post-trial delay not amounting to a due process violation, we must still determine whether, under Article 66(c), UCMJ, the sentence "should be approved." In answering this question, we recognize that a sentence may be correct in law and fact but still be inappropriate. In this case, we determine appellant's sentence is a far cry from being too severe, and therefore he is not entitled to relief.

Appellant pleaded guilty to two specifications of abusive sexual contact against a private in the Army. Appellant's misconduct was compounded when he lied to a law enforcement official trying to determine whether a crime had been committed. Appellant's conduct is a significant breach of trust. He violated the trust that junior enlisted soldiers place in their senior NCOs. At sentencing, his

victim testified how appellant's conduct devastated her. It affected her relationships with family and friends, making her more distant; it affected her physical health, contributing to weight gain and poor performance on the Army Physical Fitness Test; and it affected her view of the military, prompting her to wish to "ride out [her] contract and get out of the Army." Appellant's false statements to law enforcement were the equivalent of throwing sand in the eyes of an umpire; an outrageous action which prevents an investigator from doing his job. Such conduct is unacceptable for any member of the military, let alone a Sergeant First Class.

Appellant's offenses carry a maximum sentence of a dishonorable discharge, nineteen years confinement, total forfeiture of all pay and allowances, and reduction to the grade of E-1. Given the gravity of appellant's crimes, the approved sentence of sixteen months confinement, forfeiture of all pay and allowances, and reduction to the grade of E-4 is not too severe, even in light of the post-trial delay. Thus, we conclude that, notwithstanding the presumptively unreasonable delay in the post-trial processing of appellant's case, appellant's sentence remains appropriate and should be approved.

### B. Conflict of Interest

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserts that the Chief of Justice, who also acted as the preliminary hearing officer in appellant's case, was disqualified from acting on his post-trial matters. We hold that the Chief of Justice was disqualified under Article 6(c), UCMJ, and Rule for Courts-Martial (R.C.M.) 1106(b), but appellant was not prejudiced.[2]

Article 6(c), UCMJ, provides that "[n]o person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case." R.C.M. 1106(b) echoes this sentiment in similar language. Whether Article 6(c) and R.C.M. 1106(b) disqualify an individual from acting as the legal officer is a question of law, which we review de novo. *See United States v. Taylor*, 60 M.J. 190, 194 (C.A.A.F. 2004).

The plain text of Article 6(c) states that an individual who acted as the investigating officer is disqualified from acting as the legal officer. Therefore, a person will be disqualified from acting as the legal officer if that person performed the duties of a disqualifying position. *See United States v. Mallicote*, 13 U.S.C.M.A.

---

[2] The remaining issue personally asserted by appellant pursuant to *Grostefon* merits neither discussion nor relief.

374, 376, 32 C.M.R. 374, 376 (1962) ("although the staff judge advocate or his assistant are not, by reason of their office and ordinary pretrial activities, barred by Article 6(c) from subsequently advising the reviewing authority, the implication and reason why he must be when he acts—directly or indirectly—as trial counsel, are clear"). As for when a person has performed the duties of a disqualifying position, some relevant considerations include the action taken, the position of the person that would normally take that action, and the capacity in which the action is claimed to have been taken.

In this case, Major JC acted as the Article 32 investigating officer. After considering the evidence, he recommended that the case proceed to a general court-martial on those charges to which appellant ultimately pleaded guilty. As such, he was disqualified by Article 6(c) from acting as the legal officer in appellant's case.

Although we find error, we do not find that appellant was prejudiced. Our superior court has not held that "recommendations prepared by a disqualified officer [are] void." *United States v. Edwards*, 45 M.J. 114, 115 (C.A.A.F. 1996). Rather, we test for prejudice under Article 59(a), UCMJ, which requires material prejudice to the substantial rights of the accused. *Taylor*, 60 M.J. at 195 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). Appellant alleges no prejudice, and we find none.

Major JC's involvement as the legal officer in appellant's case was minimal. It consisted of approving a defense request for a 20-day delay to submit R.C.M. 1105 and 1106 matters. As such, the likelihood of actual prejudice is simply absent. Given his approval of the defense request, Major JC's actions did not come close to the level that traditionally has been found to cause prejudice. *See, e.g.*, *United States v. Johnson-Saunders*, 48 M.J. 74, 74-75 (C.A.A.F. 1998) (finding prejudice when the acting SJA had been detailed as the assistant trial counsel, had actively prosecuted the case, and had requested a harsher sentence than adjudged); *United States v. Coulter*, 3 U.S.C.M.A. 657, 658-59, 14 C.M.R. 75, 76-77 (1954) (finding prejudice when the acting SJA had been detailed as trial counsel, actively prosecuted the case, and called the accused a "worthless individual" in a report to the convening authority).

Considering the circumstances of this case, we conclude that appellant was not prejudiced. Still, it would be a far better practice for Staff Judge Advocates to ensure that no such errors occur in the post-trial processing of their cases. Such a practice would ensure the fairness, and the perception of fairness, of our military justice system.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court